BERT A. FOWLER, Appellant, v. ELIZABETH M. FOWLER,
Respondent.

Third Department, May 24, 1921.

Equity — suit to set aside deed and separation agreement on
ground of fraud and duress — plaintiff's arrest and holding for
grand jury not unlawful — laches.

In a suit to set aside a deed and separation agreement on the ground of fraud
and duress in which it appeared that the defendant caused the plaintiff
to be arrested for assault and he was indicted for assault in the second
degree and pleaded guilty to assault in the third degree, receiving a
suspended sentence, evidence examined, and *held*, that the plaintiff's
arrest and holding for the grand jury were not for an unlawful or improper
purpose and that the plaintiff in executing the instruments acted of his
own free will and not as the result of constraint or coercion, and also
that at the time of the execution of the separation agreement the defendant
had a good cause of action against the plaintiff herein.

Furthermore, the failure of the plaintiff to repudiate the deed and the
agreement for more than two years after they were executed precludes
him from now claiming that they were executed under fraud and duress.

APPEAL by the plaintiff, Bert A. Fowler, from a judgment
of the Supreme Court in favor of the defendant, entered in
the office of the clerk of the county of Broome on the 7th day
of September, 1920, upon the decision of the court rendered
at a Trial and Special Term without a jury·dismissing the
complaint on the merits.

*F. N. Gilbert,* for the appellant.

*Urbane C. Lyons,* for the respondent.

Judgment unanimously affirmed, with costs, on the opinion
of TUTHILL, J., at Trial Term. KILEY, J., not sitting.

The following is the opinion of the court below:

TUTHILL, J.:

This action was commenced on or about September 5,
1919, to set aside a deed executed and delivered by the
plaintiff to the defendant, his wife, on October 24, 1916, and also
a separation agreement between the parties of like date, on
the ground of fraud and duress.

The contention of plaintiff is that during the night of

August 14, 1916, in their home in Johnson City, N. Y., he was brutally assaulted by his wife, resulting in most serious injuries of a permanent nature, from which he is still suffering, and also compelling him to submit to two operations.

The plaintiff further claims that the defendant caused his arrest, alleging that *he* assaulted her; that he was subsequently indicted for assault in the second degree and was in jail awaiting trial for about two months; that his counsel betrayed him; that he pleaded guilty to assault in the third degree and received a suspended sentence under a misapprehension and misrepresentations; that he was bewildered and incompetent to execute the deed and separation agreement, and did so without comprehending the nature of his act, all of which he asserts was the result of a conspiracy in which his wife was the principal. The defendant's motives, plaintiff asserts, were to secure his equity in the property he conveyed and his wife's desire to rid herself of him after she had completely stripped him of his property. It will serve no useful purpose to recite all the details given by the plaintiff of the alleged assault. I am satisfied from plaintiff's statement and observing him as a witness that his story is the result of a fertile imagination and the brooding over his troubles until it has become almost, if not quite, a delusion. In many respects his statements of the occurrences between himself and his wife on the night in question are not only most improbable but unbelievable. For instance, he swears that during the battery, " She struck me in the back with a cobble-stone, and broke the sixth vertebra in the spine.   *   *   *   Then she came back and kept hanging [around] and finally she up and gave a stamp on the left foot and took the toenail off clean." In describing a portion of the scene he says: " Then she went in the next room, in the dining room; came back and laid on the bed beside me with her left hand off of the bed with a stone in it. Then in a couple of minutes gave a lunge on her feet and grabbed her hands on her wrists; grabbed her hair over her face and jammed her head on the left side of the door." To expect belief in such and similar testimony of plaintiff is overtaxing credulity.

Previously and particularly during the summer of 1916, there had been domestic trouble between the parties, resulting

largely from plaintiff's intemperate habits, and the defendant had complained of his failure to properly support her and their child. The defendant appears to be a thrifty, hard-working woman, and by her needle was able to earn her own way and a modest accumulation, part of which at least she loaned plaintiff. The amount of the loan is disputed. On September 23, 1915, plaintiff gave the defendant a deed with a defeasance clause therein for the amount of "moneys" that he had theretofore borrowed of her with interest thereon. This instrument was in effect on October 24, 1916, when the plaintiff gave the defendant the deed he now asks to have set aside. The plaintiff claims in July, 1916, he went to the house and tendered the amount which he alleges he owed the defendant, $307.55, and his narrative of the occurrence is that the defendant said: " ' You will never see the day you will pay me.' She took the teakettle off of the stove and scalded me, drove me outdoors." That was all the conversation. From the evidence it may be properly found that the premises were worth about $4,000 in October, 1916. There was a mortgage thereon of $2,500; adding to which the amount plaintiff conceded he owes defendant, $307.55, the equity therein was about $1,200.

The only question of moment is whether the plaintiff executed the deed and separation agreement under duress of imprisonment. The rule of law applicable is stated by Judge Cooley in *Feller* v. *Green* (26 Mich. 70, 72) as follows: " To make out the defense of duress of imprisonment, it must appear that the party's action has been influenced by the restraint. If he has only paid, or secured a just debt, while held in custody, the transaction is not to be avoided, unless he did so because of the custody. The question is one of fact, whether he was coerced, or acted willfully; and the conclusion of coercion is not a necessary and unavoidable one from the fact of unlawful restraint."

Under the evidence I cannot find that the plaintiff's arrest and holding for the grand jury, and trial, were for an improper purpose, without just cause or for unlawful purposes. He had reputable and learned attorneys to advise him and I have no doubt whatever they gave him their best judgment and sincere and conscientious advice, and that the plaintiff

acted thereon accordingly of his own free will and not as the result of restraint or coercion. The defendant at the time had an alleged cause of action against the plaintiff for separation which, from what had occurred, was apparently well founded. I believe his conduct toward his wife had been such as to render it unsafe and improper for her to live with him. (See Code Civ. Proc. § 1762 *et seq.*) He owed his wife and child the duty to support them. Under the separation agreement the wife assumed such burdens and the reasonable deduction is that to relieve himself from such obligations he executed the deed and the agreement of separation. Certain evidence given by the plaintiff convinces me that he knew and appreciated fully what he was doing in signing these instruments. During his redirect examination he stated to the court that after the giving of the deed he got back certain personal property from defendant, such as clothing, desk, table, etc., and that he knew at the time he received the articles that it was part of the understanding entered into at the time of signing the papers that she was to turn over these articles. They were delivered to him about a week thereafter, but no attempt was then made to disaffirm the transaction or to deny its legality, which would have been most natural had plaintiff believed such to be the fact. He waited nearly two years before bringing the action. The reason he gives for the delay is " because of my attorney. He was to bring this action two years ago." This is hardly sufficient reason for delay. It was said in *Oregon Pacific R. R. Co.* v. *Forrest* (128 N. Y. 83, 93) that " One entitled to repudiate a contract on the ground of duress should, like one who attempts to repudiate a contract on the ground of fraud, act promptly." In *Colen & Co.* v. *East 189th St. Building & Const. Co.* (141 App. Div. 441, 442) the court said that " it is a fundamental and well-settled rule that one who would repudiate a contract on the ground of fraud and duress must act promptly or he will be deemed to have elected to affirm it."

After a careful consideration of the evidence and especially the plaintiff's, upon which the material part of his cause of action rests, I am satisfied that justice requires the dismissal of the complaint, with costs.