■ JOSEPH K. FAIRLEY, Appellant, v CAROL B. FAIRLEY, Respondent.— Appeal from an order of the Supreme Court at Special Term, entered August 13, 1979 in Warren County, which, inter alia, denied plaintiff's motion for summary judgment. Plaintiff commenced the instant divorce action in November of 1978 on the ground of living separate and apart from his wife pursuant to a separation agreement executed and filed in May of 1976. Except for the allegation that he had "substantially performed all the terms and conditions of such agreement" (Domestic Relations Law, § 170, subd [6]), defendant's answer admitted the material elements of plaintiff's cause of action and she did not respond to his subsequent motion for summary judgment. The application was granted and a decree of divorce was signed on March 16, 1979. However, before the judgment was entered, defendant obtained new counsel and sought to oppose plaintiff's motion. Special Term excused her initial default, entertained her objections in relation to the motion, and ultimately determined that the existence of factual issues precluded summary relief. This appeal by plaintiff ensued. Assuming that the explanation submitted by defendant was adequate to warrant relief from her original default—a matter we find it unnecessary to address—she wholly failed to present relevant evidentiary materials sufficient to defeat plaintiff's motion. Defendant does not specifically attack the validity of the separation agreement or deny that the parties lived apart from one another for the requisite period. Even if her veiled suggestions that portions of the agreement are inequitable were accepted, they would not deprive plaintiff of grounds for divorce (cf. *Christian v Christian*, 42 NY2d 63, 70-72; *Sylofski v Sylofski*, 49 AD2d 971). Since the viability of the agreement was not contested in defendant's answer, the only pertinent question developed by her opposing papers was whether an issue of fact exists concerning plaintiff's compliance with it. His affidavits, supported by documentation, reveal that no such issue is presented. Moreover, defendant made no complaint of noncompliance for over two years; the agreement provided for joint tax returns only "when practicable"; the parties' minor son resided with and was supported by plaintiff for most of the postseparation period, and evidence of medical insurance coverage was produced by plaintiff. In short, while not all of the terms of the agreement were conclusively shown to have been flawlessly performed, defendant has not demonstrated any lack of "substantial" compliance. It is transparently obvious that her sole interest lies in economic adjustments and we will not permit her generalized complaints in that field to be used as a barrier to plaintiff's application for a conversion divorce. Special Term erred in failing to recognize her belated opposition to the divorce for what it truly represented and, inasmuch as no genuine triable issue exists, its order should be reversed. Order reversed, on the law and the facts, and motion granted,

with costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Casey, JJ., concur.