■ RONALD S. CARNER, Appellant, v LYNNE P. CARNER, Respondent. — In a divorce action, plaintiff husband appeals from an order of the Supreme Court, Suffolk County (McInerney, J.), dated July 14, 1981, which denied his motion for summary judgment. Order modified, on the law, by (1) deleting all the words in the decretal sentence after the words "ORDERED that this motion is denied" and (2) substituting therefor the following: "except that the motion is granted to the extent that defendant's counterclaim for equitable distribution is dismissed." As so modified, order affirmed, without costs or disbursements. In August, 1979 the parties entered into a separation agreement. The wife admits that both parties were independently represented in this transaction by legal counsel of their own choosing. The agreement contained the following pertinent provisions: (1) A separate ownership provision which reads: "Each party shall own, free of all claim or right of the other, all of the items of personal and real property of any kind, nature or description, and wheresoever situated, which are now owned by him or her, or which are now in his or her name, or to which he or she is, or may be, beneficially entitled, or which may hereafter belong to or come to him or her, with full power to him or her to dispose of the same, as fully and effectually, in all respects and for all purposes, as if he or she were unmarried." (2) A property rights provision which states: "The parties have heretofore divided their personal property and they agree that each shall hereafter continue to possess, own and enjoy, independently of any claim or right of the other, all items of personal property of any kind, nature or description, now or hereafter belonging to him or to her, or in his or her present possession, with full power to dispose of same." (3) A provision giving the wife the sole and exclusive right to the use and occupancy of the marital residence (owned by the parties as tenants by the entirety) until the youngest child reaches majority. At that time, the house is to be put up for sale, with the proceeds to be divided equally. (4) Provisions for the mutual release of

all claims except any cause of action for divorce, and the mutual release of all rights in each other's estates. (5) Provisions for custody and support. (6) A clause entitled "full disclosure" which reads: "Both the legal and practical effect of the agreement, in each and every respect, and the financial status of the parties, have been fully explained to both parties and they both acknowledge that it is a fair agreement and that they have personally read this agreement and understand its contents, and that it is not the result of fraud, duress or undue influence exercised by either party upon the other, or by any other person or persons upon either party." In August, 1980 the husband commenced the instant action for a "conversion" divorce pursuant to subdivision (6) of section 170 of the Domestic Relations Law. In October, 1980 he cross-moved for summary judgment on the ground that there had been substantial compliance with the separation agreement. The cross motion was denied. The husband then moved again for summary judgment on the same ground. He also moved, *inter alia,* to dismiss the wife's counterclaim for equitable distribution. The motion, which resulted in the order now being appealed, was properly denied with respect to the husband's action for a divorce as no new facts were presented with regard to the question of whether he had disregarded the visitation and custodial provisions prior to the date on which the matrimonial action was commenced. (See *Martin v City of Cohoes,* 37 NY2d 162; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3212:21, p 440.) However, the wife's counterclaim for equitable distribution must be dismissed. The parties were married before the effective date of the equitable distribution statute (Domestic Relations Law, § 236, part B, eff July 19, 1980), although the divorce action was instituted after that date. The retroactive application of part B to persons married before July 19, 1980 and property acquired prior to that date does not violate due process because the nature of the public interest to be served by the law outweighs any countervailing property interest. (*Valladares v Valladares,* 80 AD2d 244.) Nevertheless, as provided by section 236 (part B, subd 3), of the Domestic Relations Law, retroactive application of equitable distribution where there was a valid agreement entered into by the parties under the old law is proscribed. If the agreement is found to be only a partial settlement of property rights, however, then property excluded from the agreement would be subject to the new law where, as in the case at bar, the action was commenced after the effective date of the new law. (Domestic Relations Law, § 236, part B, subds 3, 5; *Gedraitis v Gedraitis,* 109 Misc 2d 420; *Boss v Boss,* 107 Misc 2d 984.) As the agreement of the parties is a full settlement of property and support rights, equitable distribution is not applicable. As stated previously, the husband has made two motions for summary judgment. In opposition to the second motion, the wife's attorney submitted, along with her own affirmation, a copy of the wife's affidavit, which had previously been submitted in opposition to the first motion. In this affidavit it was alleged that up until the time the action was commenced the husband was not complying with the custody and visitation provisions. These documents were properly submitted and referred to in support of the argument that the denial of the husband's previous motion for summary judgment on this issue should preclude him from making a new motion on the same facts. (See *Comptroller of State of N.Y. v Gards Realty Corp.,* 68 AD2d 186.) Lazer, J. P., Gulotta, Cohalan and Bracken, JJ., concur.