■ SUZANNE SHEINDLIN, Appellant, v GERARD SHEINDLIN, Respondent. — In an action to recover moneys due for support and maintenance pursuant to the terms of a separation agreement, plaintiff appeals from an order of the Supreme Court, Rockland County (Martin, J.), dated February 18, 1981, which denied her motion, *inter alia,* for summary judgment and granted defendant's cross motion for leave to serve an amended answer. Order reversed, on the law, with $50 costs and disbursements, motion for summary judgment granted and cross motion denied. The matter is remitted to Special Term for entry of an assessment of the amount due. The amended answer served pursuant to the order appealed from is vacated. The parties executed a written separation agreement in September, 1974, wherein defendant agreed to support plaintiff and their three children in accordance with a detailed, itemized schedule. The agreement contained a provision specifically noting that the practical effect of said agreement and the financial status of the parties had been fully explained to them by their respective counsel,* and furthermore, each acknowledged that it was "a fair agreement and is not the result of any fraud, duress or undue influence exercised by either party upon the other or by any other person or persons upon either." The parties executed an "agreement of modification" on May 13, 1978 to reflect the fact that defendant was transferring $20,000 worth of New York State Housing Finance Authority bonds and all of his right, title and interest in the marital residence to plaintiff in satisfaction of all arrearages "only up to the date of the signing of this agreement and prior thereto". The May 13, 1978 agreement contained the following provision: "4. Both parties do hereby agree that all of the terms and conditions of the Separation Agreement shall continue in full force and effect without any change by the terms of this Agreement, the intent of the parties being that only the default by [the husband] prior to this Agreement [is] hereby excused and satisfied." On May 25, 1978, plaintiff obtained a divorce decree and the separation agreement was incorporated by reference in the decree. In about July, 1980, plaintiff commenced this action seeking a money judgment for arrearages in the amount of $25,474.57 for the period from May 16, 1978 to June 30, 1980. By way of affirmative defenses, defendant alleged that he was no longer liable for maintenance of the marital residence by virtue of the modification agreement and that, furthermore, the separation agreement had been the product of

---

* Although the agreement so recited, it appears that defendant had represented himself.

duress. Plaintiff thereupon moved, *inter alia,* for summary judgment in view of defendant's failure to controvert the substantive allegations of her complaint. In opposition thereto, defendant alleged that the separation agreement and subsequent modification were invalid since they were executed involuntarily as a result of plaintiff's duress, coercion and fraud. It is also claimed by defendant that he was under a serious disability at the time the agreements were executed and lacked capacity to comprehend the significance of his actions. Special Term denied summary judgment, finding factual issues sufficient to mandate a trial, and granted defendant's cross motion for leave to serve an amended answer. We are of the opinion that, under the circumstances herein, plaintiff is entitled to summary judgment. Defendant has failed to allege facts in evidentiary form sufficient to vitiate the agreement and modification (see *Ronson v Ronson,* 58 AD2d 987). Defendant's allegations of inexperience in matrimonial law, notwithstanding the fact that he is an attorney and Federal Administrative Judge, and incapacity due to chronic alcoholism, do not justify his refusal to abide by the terms of the separation agreement subsequent to the 1978 modification. The law is well settled that a party seeking to repudiate a contract procured by duress must act promptly lest he be deemed to have elected to affirm it (*Bethlehem Steel Corp. v Solow,* 63 AD2d 611, app dsmd 45 NY2d 837; *Fowler v Fowler,* 197 App Div 572). Such a belated attempt as defendant is here making to nullify a separation agreement which was confirmed, ratified and approved, and at least partially complied with for almost a three-year period, is insufficient. A party who executes a contract under duress and then acquiesces in the contract for any considerable length of time, ratifies the contract (*Smith v Jones,* 76 Misc 2d 656). Defendant is barred from suddenly raising issues of coercion, duress, inexperience and incapacity after his prior course of conduct. Accordingly, defendant is bound by the terms of this contract with plaintiff and the latter is entitled to summary judgment. The matter is remitted to Special Term for an assessment as to the amount due pursuant to plaintiff's itemized schedule. In view of this determination the cross motion is denied as academic. Gibbons, J. P., Thompson, Rubin and Boyers, JJ., concur.