■ JAMES M. RUSSELL, Respondent, v JUDITH A. RUSSELL, Appellant. — In an action for a conversion divorce pursuant to subdivision (6) of section 170 of the Domestic Relations Law, the defendant wife appeals from so much of an order of the Supreme Court, Westchester County (Daronco, J.), dated February 18, 1982, as (1) granted plaintiff's motion for summary judgment, (2) denied her cross motion to "consolidate plaintiff's action with her counterclaims," and (3) severed plaintiff's cause of action for divorce from her counterclaims. Order affirmed insofar as appealed from, without costs or disbursements. The parties executed a written separation agreement on December 31, 1979. In February, 1981, plaintiff commenced this action for a conversion divorce, alleging that he and defendant had lived separate and apart pursuant to the agreement for a period exceeding one year. Only when the plaintiff commenced this action did defendant, for the first time, allege that the separation agreement was of no force and effect by reason of the fact that she had been compelled to execute it by fraud, duress and misrepresentation without the benefit of counsel. Defendant also denied that plaintiff "has at all times performed any and all terms and conditions of the separation agreement." We concur with Special Term that plaintiff's motion for summary judgment for a conversion divorce pursuant to subdivision (6) of section 170 of the Domestic Relations Law should be granted. Said subdivision permits a party to commence an action for divorce when the parties have lived separate and apart for one or more years pursuant to a separation agreement with which the party suing has substantially complied (see *Christian v Christian*, 42 NY2d 63). We do not find substantia-

tion of such allegations as would require this court to reverse the grant of summary judgment to the plaintiff. The instant situation differs sharply from *Angeloff v Angeloff* (56 NY2d 982), wherein the affidavits submitted established the existence of triable issues of fact as to the validity of the subject agreement. At bar, defendant was represented by an attorney at all relevant times concerning the negotiations of the agreement. Although the defendant's counsel was not present at the time of execution, he acknowledged receipt of plaintiff's net worth statement on the date the agreement was executed. Plaintiff had allegedly made telephone contact with defendant's counsel that afternoon and the latter was aware of what was transpiring. Moreover, defendant went back with her attorney to initial the executed agreement. Defendant's conclusory allegations to the effect that the agreement was procured by fraud, duress and misrepresentation are insufficient to defeat the motion for summary judgment. We have considered defendant's other contentions and find them to be without merit. Weinstein, J. P., O'Connor, Thompson and Bracken, JJ., concur.