■ PHYLLIS CHASIN, Appellant, v ARTHUR M. CHASIN, Respondent. (And Another Action.) — In an action for a conversion divorce, plaintiff wife appeals

from (1) so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated September 15, 1982, as denied that branch of her motion which sought summary judgment in her favor, and (2) an order of the same court, dated March 12, 1982, which denied her motion for a bill of particulars. Order dated September 15, 1982 reversed, insofar as appealed from, that branch of plaintiff's motion which sought summary judgment in her favor granted, and matter remitted to Supreme Court, Nassau County, for further proceedings consistent herewith. Appeal from order dated March 12, 1982, dismissed as academic in light of our determination with respect to the order dated September 15, 1982. Plaintiff is awarded one bill of costs. Defendant husband claims that the separation agreement was the result of fraud, deceit and duress on the part of plaintiff and the attorney who drafted the agreement. However, he must be held to have ratified the agreement, since he complied with it and raised no objection to it for almost six years (see *Sheindlin v Sheindlin,* 88 AD2d 930). Furthermore, defendant failed to allege facts in evidentiary form in support of his defenses of fraud, deceit and duress sufficient to raise a question of fact precluding summary judgment (*Davidoff v Davidoff,* 93 AD2d 805; *Russell v Russell,* 90 AD2d 516). Moreover, defendant has not demonstrated any lack of substantial compliance by plaintiff with the separation agreement and has restricted himself to "generalized complaints * * * to be used as a barrier to plaintiff's application for a conversion divorce" (*Fairley v Fairley,* 75 AD2d 975). Special Term should have granted plaintiff's motion for partial summary judgment insofar as it demanded a judgment of divorce in plaintiff's favor pursuant to subdivision (6) of section 170 of the Domestic Relations Law. The separation agreement should be incorporated, but not merged in the judgment of divorce, and a hearing held to fix and determine counsel fees and disbursements. Our determination renders the issue of the denial of plaintiff's motion for a bill of particulars academic. Lazer, J. P., Thompson, Niehoff and Boyers, JJ., concur.