■ JUNE NEMET, Respondent, v THOMAS NEMET, Appellant. — In a matrimonial action, the defendant husband appeals from (1) an order of the Supreme Court, Nassau County (Pantano, J.), dated November 8, 1982, which denied his motion for reverse partial summary judgment in the plaintiff wife's favor on her cause of action for constructive abandonment and (2) an order of the same court, dated May 2, 1983, which denied defendant's motion, in effect, for leave to reargue the aforesaid motion. Appeal from the order dated May 2, 1983 dismissed. No appeal lies from the denial of a motion to reargue. Order dated November 8, 1982, reversed, on the law, defendant's motion granted, judgment of divorce granted in favor of plaintiff on the ground of constructive abandonment and matter remitted to Special Term, Part V, for further proceedings in accordance herewith. Defendant is awarded one bill of costs.

The plaintiff wife commenced an action for divorce based upon the defendant husband's cruel and inhuman treatment, adultery and constructive abandonment. In the verified answer, defendant, by his attorneys, denied the allegations of cruel and inhuman treatment and adultery while admitting plaintiff's allegation of constructive abandonment. Defendant thereafter, pursuant to CPLR 3212, moved for an order directing summary judgment on plaintiff's behalf with respect to the constructive abandonment cause of action. In his affidavit in support of the motion, defendant unequivocally conceded "that since in or about February 1979, I have refused to engage in a sexual relationship with the plaintiff and did, in fact, effect a 'constructive abandonment of the plaintiff' ". Notwithstanding this admission, Special Term denied defendant's motion. Defendant subsequently moved, *inter alia,* for leave to reargue his motion based upon a decision of this court recognizing the viability of reverse partial summary judgment as a legal remedy (see *Rauch v Rauch,* 91 AD2d 407). That motion was denied and these appeals ensued. In accordance with our holding in *Rauch v Rauch (supra),* reverse partial summary judgment is generally available in matrimonial actions where adequate proof is presented. In view of defendant's unequivocal admission of his constructive abandonment of plaintiff for a period in excess of one year, we conclude that such remedy is warranted under the instant circumstances (see *Leeds v Leeds,* 94 AD2d 788, app dsmd 60 NY2d 641). Plaintiff's other fault causes of action are thus academic (see *Douek v Douek,* 112 Misc 2d 882, 883) and the trial court should not waste valuable judicial resources with their resolution. Plaintiff requested that in the event reverse partial summary judgment be granted, the entry of judgment be stayed pursuant to CPLR 3212 (subd [e]), pending determination of all ancillary issues. On the record before us, we see no need to stay the entry of the judgment of divorce. Recently, the First Department addressed this precise issue in the case of *Peerce v Peerce* (97 AD2d 718, 719), where it was held: "The court's discretion in that regard should only be exercised where some articulable reason exists to delay entry of judgment or execution thereon, such as an affirmative showing that prejudice would result". In the instant case the record is barren of any proof of attendant prejudice to plaintiff emanating from the immediate entry of partial summary judgment in her favor. Although no reason exists in this case to withhold the entry of judgment, every effort should be made to preserve the rights of the parties pending ultimate resolution of the financial issues. This can best be accomplished by returning this matter to Special Term where both sides can present their respective arguments as to how best to accomplish that objective pending final disposition of the financial issues. Accordingly, we remit the matter to Special Term, Part V, to conduct a hearing following which it should fashion an order providing for adequate precautionary measures, including the expeditious completion of discovery, a trial preference, if warranted, and, if deemed necessary by the Justice presiding, the interim protection to the plaintiff wife vis-à-vis support and/or stay of the disposition of marital assets. Bracken, J. P., Weinstein, Brown and Niehoff, JJ., concur.