■ ARTHUR STOERCHLE, Appellant, v HELGA STOERCHLE, Respondent. — In an action for a conversion divorce, plaintiff husband appeals (1) from an order of the Supreme Court, Orange County (Isseks, J.), dated April 28, 1982, which denied his motion, *inter alia,* for summary judgment in his favor, and (2) as limited by brief, from so much of a further order of the same court, dated October 22, 1982, as, upon reargument, adhered to its original determination. ¶ Appeal from the order dated April 28, 1982, dismissed, without costs or disbursements. That order was superseded by the order granting reargument. ¶ Order dated October 22, 1982, reversed, insofar as appealed from, on the law, without costs or disbursements, ordered dated April 28, 1982, vacated, motion, insofar as it is for summary judgment, granted, and matter remitted to the Supreme Court, Orange County, for the entry of a judgment in accordance with our decision in *Cohn v Cohn* (100 AD2d 528). ¶ On October 9, 1979, the parties, who were each represented by counsel of their own choosing, entered into a

written separation agreement. Subsequently, an action for a conversion divorce was commenced by the plaintiff husband and it was in answer to the complaint interposed in that action that the defendant wife alleged for the first time, that the separation agreement should be "cancelled and set aside" as the product of fraud, duress and misrepresentation regarding the plaintiff's gross annual income. In addition, the defendant alleged, as an alternative defense, that the plaintiff has "failed and refused" to fully perform the agreement. Plaintiff's subsequent motion, *inter alia,* for summary judgment was denied by Special Term on April 28, 1982, and on October 22, 1982, the same court, upon reargument, adhered to its original determination. These appeals followed. We reverse. ¶ Plaintiff is entitled to the entry of summary judgment in his favor, as it is not disputed that the parties have lived separate and apart pursuant to the afore-mentioned agreement for a period in excess of one year, and the defendant has not established the existence of any triable issue of fact regarding the plaintiff's alleged lack of substantial compliance therewith (see *Chasin v Chasin,* 98 AD2d 788; *Fairley v Fairley,* 75 AD2d 975, affd 53 NY2d 726). Moreover, the defendant's allied allegations of fraud, duress and misrepresentation are similarly insufficient to defeat the motion for summary judgment. The defendant was fully represented by counsel during the negotiation of the agreement (see *Beutel v Beutel,* 55 NY2d 957; *Russell v Russell,* 90 AD2d 516), and has effectively ratified its provisions by (1) acquiescing in its performance, without protest, during the 21 months separating its execution from the interposition of her answer in his action, and (2) agreeing to two successive modifications which had the effect of (a) reducing a mortgage running in her favor on one former piece of jointly owned realty, and (b) exchanging her interest in another piece of jointly owned realty for the plaintiff's interest in a third such parcel. As this court stated in *Sheindlin v Sheindlin* (88 AD2d 930, 931): "The law is well settled that a party seeking to repudiate a contract procured by duress must act promptly lest he be deemed to have elected to affirm it (*Bethlehem Steel Corp. v Solow,* 63 AD2d 611, app dsmd 45 NY2d 837; *Fowler v Fowler,* 197 App Div 572). Such a belated attempt as defendant is here making to nullify a separation agreement which was confirmed, ratified and approved, and at least partially complied with for [an extended] period, is insufficient. A party who executes a contract under duress and then acquiesces in the contract for any considerable length of time, ratifies the contract (*Smith v Jones,* 76 Misc 2d 656)" (accord see *Chasin v Chasin, supra; Picotte v Picotte,* 82 AD2d 983; see, also, *Surlak v Surlak,* 95 AD2d 371, 387-388 [opn by Gibbons, J.]). ¶ An analysis of defendant's claim of fraudulent inducement reveals that the gravamen of her complaint is that the plaintiff had misrepresented his gross annual income at the time that the separation agreement was entered into, and that the foregoing allegation is itself predicated on the observation that in the parties' joint 1978 New York State income tax return, *her* income was overstated by several thousand dollars and there was "no specific reference" to certain alleged rental income. At no point, however, does the defendant contest the affidavit of their then accountant to the effect that they both executed the 1978 income tax return, which she signed, and that the rental income referred to in her affidavit was, in fact, reported as business income on supporting schedule C. In addition, the extent of her possible reliance on the alleged misrepresentation is further negated by (1) a prior affidavit executed by her on August 21, 1981, in which she averred, *inter alia,* that prior to the separation she had "actively participated [*sic*] and managed the restaurant [the family business] and was fully familiar with [the] expenses *and income* derived therefrom" (emphasis supplied) and (2) the specific representation in paragraph 7 of the separation agreement that "[t]he wife * * * is self-supporting and hereby waives all support and alimony from

the husband". ¶ In light of all of the foregoing, we have reached the conclusion that the defendant has failed to allege sufficient facts in evidentiary form in support of her allegations of fraud and misrepresentation to raise a triable issue (see *Chasin v Chasin, supra; Davidoff v Davidoff,* 93 AD2d 805; *Russell v Russell, supra*). In fact, it is abundantly clear to this court that the defendant's only real interest in opposing the plaintiff's motion is to obtain certain economic adjustments in their financial settlement based upon a subsequent change in circumstances. This, however, will not suffice to defeat plaintiff's right to obtain a conversion divorce (see *Fairley v Fairley, supra;* cf. *Christian v Christian,* 42 NY2d 63, 72). Titone, J. P., Gibbons, Bracken and Rubin, JJ., concur.