■ KEVIN KENNEDY, Appellant, v SHARON KENNEDY, Respondent. — In a matrimonial action, the plaintiff husband appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Donovan, J.), dated October 11, 1983, as, upon granting his motion for summary judgment for divorce on the ground that the parties have been living separate and apart for one year or more pursuant to a separation agreement, withheld entry of judgment until after a trial is held as to the validity of certain provisions of the separation agreement pertaining to custody, visitation, support, and maintenance and (2) as limited by his brief, from so much of an order of the same court, entered October 14, 1983, as denied his motion for a protective order striking the defendant wife's demand for a net worth statement.

Orders affirmed, insofar as appealed from, with one bill of costs.

The plaintiff husband commenced this action for divorce on the ground that the parties have lived separate and apart for a period of one year or more pursuant to a separation agreement. The defendant wife answered by generally denying the plaintiff's allegations concerning the separation agreement. As and for a first affirmative defense and counterclaim, the defendant alleged, *inter alia,* that paragraph 8A of the separation agreement pertaining to custody of the children "is vague, indefinite and incapable of interpretation", that the plaintiff by his own actions had modified the support provisions of the agreement, and that the separation agreement is void and unenforceable because "the terms are too vague and indefinite" and because of "the mutual mistake in the parties [*sic*] intentions regarding joint custody". The defendant also contended that she was "entitled to disclosure of the current assets of plaintiff with regard to the amount of child support to be paid to defendant". In sum, the defendant sought a judgment dismissing the complaint, canceling and setting aside the separation agreement, and awarding her joint custody of the children, child support, and counsel fees.

By notice of motion dated July 29, 1983, the plaintiff moved for summary judgment for divorce pursuant to subdivision (6) of section 170 of the Domestic Relations Law. He alleged that both

he and his wife had retained separate attorneys to negotiate a separation agreement, that "extensive negotiations" ensued between the parties and counsel concerning, *inter alia,* custody, visitation, and distribution of real and personal property, and that, on January 6, 1981, the agreement was executed by the parties. The plaintiff further alleged that the agreement was properly filed, that the parties have lived separate and apart pursuant to that agreement for a period in excess of one year, and that he has substantially performed his obligations pursuant to the agreement. Finally, the plaintiff denied that the agreement is unenforceable because it is too vague and indefinite and that the agreement was the product of mutual mistake. The plaintiff asserted that, to the contrary, "the agreement is fair, reasonable, and was entered into with full knowledge thereof with [*sic*] both parties, who were represented".

In opposition to the motion for summary judgment, the defendant alleged that her husband had not substantially performed his obligations pursuant to the agreement "as [she] understood them", in that he has interfered with and denied her right of visitation with her three daughters, as well as her right to participate in raising them, both of which rights she considered to be the crucial parts of the agreement. With regard to the children's custody, notwithstanding that the agreement stated that the plaintiff would retain physical custody, the defendant alleged that "I was told I really had joint custody and the wording didn't matter". The defendant also challenged the custody, visitation, and support provisions on the grounds of vagueness and indefiniteness, citing specific portions of the agreement. Finally, the defendant opposed the motion on the ground of prejudice. Specifically, she noted that, according to one interpretation of the agreement, the remarriage of her husband could alter her visitation rights. The problem was compounded because, as alleged by the defendant, her husband had "entered into a relationship with a woman" who has caused him to act contrary to the terms of the separation agreement as well as her "mutual understanding [with her husband] that the custody of the children was joint with the exception of them residing in the house with him". The defendant also questioned whether the provision in the agreement for child support was in fact for child support or maintenance.

By order dated October 11, 1983, Special Term granted the plaintiff's motion for summary judgment for divorce, subject to the following:

"to the extent of determining that [he] is entitled to a judgment of divorce pursuant to Domestic Relations Law, sec. 170

subd 6, the parties having lived separate and apart from each other for a period in excess of one year under a separation agreement executed February 6, 1981 [*sic*], and all matters relating to ancillary relief such as custody/visitation, support and maintenance are to be determined upon a trial to be scheduled after the filing of a note of issue and payment of the appropriate fees. There is to be one Judgment entered after the trial of the above issues.

"By her answer to the complaint, the provisions of the Separation Agreement regarding custody, visitation, maintenance and support have been attacked by defendant upon grounds of (unilateral) mistake, vagueness and confusion and upon a reading of the relevant provisions, some possible merit is perceived by the Court in regard to certain portions of the provisions. Nevertheless, even if found voidable in part and bearing in mind that the parties have lived apart under the filed agreement which is not void on its face, plaintiff is entitled to a divorce * * * Having now disputed some of those terms defendant is entitled to a *de novo* trial on the ancillary issues both with respect to the validity of those terms and the Court's consideration of their appropriateness and adequacy before inclusion by incorporation in any Court Judgment * * * The Court notes that no clear provision or waiver is made concerning maintenance and the provisions relating to visitation are confusing to say the least. A Court may control what appears in its Divorce Judgment even if at variance with the private agreement of the parties, valid or otherwise. 'Marriage being a status with which the State is deeply concerned, separation agreements subjected to attack are tested carefully' ".

The plaintiff also moved for a protective order striking his wife's demand for an affidavit of net worth. The plaintiff contended that his "present financial circumstances are not relevant to defendant's claim, *inter alia,* that the separation agreement is void and unenforceable and that there was a mutual mistake. The plaintiff's income will not become an issue unless and until the separation agreement or its' [*sic*] support provisions have been vacated or set aside on the grounds of fraud, duress or overreaching".

In response, the defendant contended that an affidavit of net worth, covering the time when the separation agreement was executed and the time when the summons and complaint for divorce were served, was relevant to her claims, and, therefore, plaintiff should supply one. Specifically, the defendant noted her claims that infirmities existed with regard to "some of the financial provisions" in the separation agreement, that she "has

also questioned the whole issue of child support in paragraph 13" and that she "has asked for counsel fees for defending the action".

Special Term denied the plaintiff's motion for a protective order and directed "the parties [to] each exchange net worth statements".

The plaintiff has appealed from both orders.

Under current New York law, summary judgment is available in a party's own favor in matrimonial actions for divorce pursuant to subdivision (6) of section 170 of the Domestic Relations Law (see *Chasin v Chasin,* 98 AD2d 788), notwithstanding that one of the parties has challenged the validity of certain aspects of their separation agreement (see *Nemet v Nemet,* 99 AD2d 828). However, entry of an interlocutory judgment may be stayed, pursuant to CPLR 3212 (subd [e]), pending determination of all "ancillary issues" (see *Nemet v Nemet, supra*). As recently noted by the Appellate Division, First Department, in *Peerce v Peerce* (97 AD2d 718, 719), "[t]he court's discretion in that regard should only be exercised where some articulable reason exists to delay entry of judgment or execution thereon, such as an affirmative showing that prejudice would result" (accord *Nemet v Nemet, supra*).

Contrary to the facts in both *Nemet* (*supra*) and *Peerce* (*supra*), the record in the case at bar discloses that the entry of an interlocutory judgment of divorce prior to the resolution of the "ancillary issues" pertaining to custody, visitation, support, and maintenance, would be inherently prejudicial to the defendant wife. As an example, paragraph 8A of the separation agreement somewhat ambiguously provides:

"[t]hat the wife shall have reasonable visitation privileges with the aforesaid children, to include, but not limited to:

"A. the wife shall care and tend to the children on weekdays when the husband is working between the hours of 7 a.m. and 5 p.m.

"In the event the husband remarries, the wife shall have the right to pick up the pre-school children at 7 a.m. and they can be with her during the day until 5 p.m. Visitation under this shall be mutually agreed upon between the parties. Additionally, in the event the husband remarries or the wife's ability and rights to care for the children on weekdays between 7 a.m. and 5 p.m. is impaired, visitation to the wife shall be on alternative weekends commencing at 6 p.m. on Friday and terminating at 6 p.m. on Sunday."

Thus, should the plaintiff remarry — not an unlikely event given the defendant's uncontradicted allegations — defendant's visitation rights with her three children may be adversely affected.

We therefore conclude that, under the circumstances at bar, Special Term did not abuse its discretion in withholding entry of an interlocutory judgment pending resolution of all ancillary issues.

With regard to the contentions concerning Special Term's order directing that the parties exchange net worth statements, we note that the plaintiff husband apparently concedes his wife's entitlement to disclosure of his financial condition "at the time of the execution of the parties' separation agreement". Given the absence in the agreement of any reference to "maintenance" (see Domestic Relations Law, § 236, part B, subd 1, par a; subd 6), and the defendant's request for counsel fees, Special Term correctly ordered the parties to exchange statements of net worth covering the time when the summons and complaint for divorce were served, as well.

We have reviewed the plaintiff's remaining contention that Special Term erred in ordering a trial *de novo* of the ancillary issues raised by the defendant and find that it is without merit. Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.