■ LINDA LANG, Appellant, v KENNETH G. LANG, Respondent. — In a divorce action, the plaintiff wife appeals from a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered June 19, 1984, which granted the defendant husband's counterclaim for a conversion divorce and awarded custody of the parties' infant children, visitation, child support and occupancy of the marital residence pursuant to the terms of a separation agreement.

Judgment reversed, on the law and as a matter of discretion, without costs or disbursements, and matter remitted to the Supreme Court, Suffolk County, for determination of plaintiff wife's causes of action for divorce and ancillary issues, and entry of judgment in favor of defendant on his counterclaim for a conversion divorce is stayed pending that determination.

The parties were married in 1969 in Kansas, and thereafter moved to Suffolk County, New York. They have three sons, born in 1969, 1971, and 1975, respectively. On September 16, 1982, the parties executed and filed a written separation agreement. The agreement was drawn by use of a "do it yourself" kit, and neither party was represented by counsel. The agreement provided, *inter alia,* for custody, child support, visitation, a mutual waiver of support, maintenance and alimony, ownership and possession of the marital residence, distribution of personal property, and a mutual waiver of inheritance rights. The agreement further provided that it would be incorporated by reference in any subsequent divorce decree and would survive, not merge in, any such decree. Finally, the agreement contained the following provision:

"TWENTY-TWO: The parties hereto are each aware that the other has relied on his or her own counsel regarding whether or not the provisions of this agreement create the best arrangement attainable for him or her vis-a-vis the other; that each fully understands each and all the paragraphs in this agreement. Each assures the other that he or she is executing this agreement in full cognizance of the fact that he or she might better have protected his or her rights by hiring a lawyer; that each is executing this agreement freely and under no duress or pressure; and that each accepts the agreement as fair and equitable".

In 1984, plaintiff wife commenced an action for divorce on the grounds of cruel and inhuman treatment and constructive abandonment. The body of the verified complaint did not make reference to the existence of the separation agreement. However, in the prayer for relief at the conclusion of the complaint, plaintiff wife demanded a divorce, custody, exclusive occupancy

of the marital residence, child support, maintenance, counsel fees, equitable distribution of marital property, health and life insurance protection and "[r]ecission and/or reformation of proported [*sic*] separation agreement of September 12 [*sic*], 1982".

Defendant husband served a verified answer which generally denied the allegations of the complaint and interposed a counterclaim for a conversion divorce based upon the separation agreement of September 16, 1982.

Plaintiff served a reply in which she alleged that she had entered into the separation agreement without the benefit of counsel and without financial disclosure by defendant and that the agreement was ambiguous or silent regarding defendant's obligation to pay child support and maintenance and his obligation to maintain health and life insurance coverage for the benefit of the children.

Following joinder of issue, defendant husband moved pursuant to CPLR 3212 for an order granting him summary judgment of divorce on his counterclaim. In support of the motion, defendant husband submitted his own affidavit in which he alleged, *inter alia,* that the parties had lived separate and apart pursuant to a written separation agreement, duly subscribed, acknowledged and filed, for a period exceeding one year, and that he had substantially complied with the terms and conditions thereof.

By order dated March 28, 1984, Special Term (Baisley, J.) granted defendant's motion for summary judgment "without prejudice to plaintiff's right to amend her complaint to include a separate action for rescission of the separation agreement, if she be so advised". On June 19, 1984, a judgment was entered which granted defendant's counterclaim for a conversion divorce and awarded custody of the parties' infant children, visitation, child support and occupancy of the marital residence pursuant to the terms of the separation agreement. Plaintiff has appealed from this judgment and argues that Special Term erred by entering a final judgment of divorce prior to determination of the validity of the agreement.*

We have held that summary judgment may be granted in favor of a party seeking a conversion divorce, notwithstanding

---

\* Plaintiff states in her appellate brief that after the date of the order granting defendant's motion for summary judgment, but prior to entry of the judgment itself, she served an amended verified complaint which included, *inter alia,* a cause of action for rescission of the separation agreement upon grounds of fraud, duress and undue influence. However, the amended pleading is not included in the record on appeal in this case and, therefore, we do not consider it (*Sun Yau Ko v Lincoln Sav. Bank,* 99 AD2d 943, *affd* 62 NY2d 938; *Fonda v Nationwide Mut. Fire Ins. Co.,* 99 AD2d 680).

that the other party has challenged the validity of the separation agreement upon which the conversion divorce is predicated (*Wiecek v Wiecek,* 104 AD2d 935; *Kennedy v Kennedy,* 104 AD2d 488; *Stoerchle v Stoerchle,* 101 AD2d 831; *Chasin v Chasin,* 98 AD2d 788; *cf. Potvin v Potvin,* 92 AD2d 562). So long as there is no triable issue of fact that the parties lived separate and apart pursuant to the agreement, properly executed and filed, for more than one year, and that the movant substantially performed and complied with the terms and conditions thereof (*see,* Domestic Relations Law § 170 [6]), summary judgment may be granted to the movant on the conversion divorce claim, and the challenges to the validity of the underlying agreement, e.g., fraud, duress or undue influence, may, if properly and adequately raised, be considered in the determination of those issues ancillary to the divorce (*Christian v Christian,* 42 NY2d 63; *Wiecek v Wiecek, supra; Kennedy v Kennedy, supra; Stoerchle v Stoerchle, supra; Wile v Wile,* 100 AD2d 932; *Chasin v Chasin, supra; Picotte v Picotte,* 82 AD2d 983, *appeal dismissed* 55 NY2d 748, *lv dismissed* 55 NY2d 847).

Applying these principles to the instant case, we conclude that Special Term properly granted the motion for summary judgment. It is undisputed that the parties lived separate and apart for a period exceeding one year, and that defendant substantially complied with the terms of the separation agreement.

However, Special Term erred by permitting entry of a final judgment of divorce which, in addition to granting a conversion divorce to defendant, also awarded child support, custody, visitation and possession of the marital residence pursuant to the terms of the separation agreement. Special Term should have exercised its power to stay or defer entry of an interlocutory judgment of divorce, pursuant to CPLR 3212 (e) (2), pending: (1) a trial on plaintiff's two causes of action for divorce (*Carlan v Carlan,* 104 AD2d 434; *Zaccai v Zaccai,* 99 AD2d 830); and (2) determination of all ancillary issues, i.e., support, maintenance, custody, visitation, ownership and possession of the marital residence, insurance and equitable distribution, in light of plaintiff's claims of fraud, duress and undue influence in the making of the separation agreement (*Kennedy v Kennedy,* 104 AD2d 488, *supra; see also, Nemet v Nemet,* 99 AD2d 828, *appeal dismissed* 62 NY2d 777; *Peerce v Peerce,* 97 AD2d 718). Thompson, J. P., Bracken, Weinstein and Niehoff, JJ., concur.