■ PHILIP SMITH, Respondent, v DESPINA SMITH, Appellant. —In an action for a divorce and ancillary relief, the defendant wife appeals from so much of a judgment of the Supreme Court, Suffolk County (Geiler, J.), dated April 30, 1985, as (1) failed to rescind a stipulation settling a prior action between the parties for a separation, (2) failed to award her maintenance in excess of $75 per week, and (3) awarded her as child support of only $50 per week for each of the parties' three minor children.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The defendant failed to establish any ground for rescinding the stipulation settling her prior action for a separation, spread on the record on June 12, 1979. The fact that the defendant, who was represented by counsel throughout, may have been under an emotional strain in 1979 and may have had a different understanding as to whether the alimony provisions of the surviving stipulation could later be modified are insufficient to warrant the relief she seeks *(see, Beutel v Beutel,* 55 NY2d 957; *Winant v Winant,* 83 AD2d 849, *affd* 55 NY2d 870). Neither the stipulation on its face nor the circumstances surrounding its making suggest that it was arrived at other than fairly *(Christian v Christian,* 42 NY2d 63). Furthermore, the defendant received the benefits of the stipulation for a number of years prior to interposing a challenge to it *(cf., Culp v Culp,* 117 AD2d 700; *Sheindlin v Sheindlin,* 88 AD2d 930).

Although the trial court erroneously utilized the standards governing agreements and stipulations *(see, Harrington v Harrington,* 103 AD2d 356) made after the effective date of Domestic Relations Law § 236 (B) (L 1980, ch 281, § 9; Domestic Relations Law § 236 [B] [9] [b]; *see, Frys v Frys,* 120 AD2d 975; *De Jose v De Jose,* 104 AD2d 629, *affd* 66 NY2d 804), it nonetheless properly denied the defendant's request for maintenance in excess of the amount fixed by the parties for the defendant's support and incorporated in the judgment of separation. The defendant failed to establish at trial that she was actually unable to support herself on that amount and

that she was in actual danger of becoming a public charge *(McMains v McMains,* 15 NY2d 283). Finally, the amount awarded by the trial court for support of each of the parties' minor children, which was double the amount originally fixed by the parties *(see, Matter of Brescia v Fitts,* 56 NY2d 132) is adequate. Rubin, J. P., Kunzeman, Spatt and Harwood, JJ., concur.