■ LINDA A. FISHER, Respondent, v LEWIS R. FISHER, Appellant.—Order unanimously reversed on the law without costs, and defendant's motion granted, in accordance with the following memorandum: The court erred in denying defendant's motion for summary judgment of divorce on the grounds that such denial was consistent with the principles underlying the 1984 amendment to CPLR 3212 (e) which prohibits granting summary judgment in matrimonial actions in favor of the "nonmoving party". Domestic Relations Law § 170 (6) permits a party to commence an action for a conversion divorce when the parties have lived separate and apart for a period exceeding one year pursuant to a written separation agreement with which the party suing has substantially complied *(Christian v Christian,* 42 NY2d 63). Even though certain provisions of a separation agreement may ultimately be declared void because of fraud or overreaching, nevertheless the separation agreement retains its validity to support

an action for conversion divorce based upon a physical separation of the parties for one or more years *(Christian v Christian, supra; Russell v Russell,* 90 AD2d 516, *lv denied* 58 NY2d 605; *Picotte v Picotte,* 82 AD2d 983, 984).

Here, plaintiff wife brought an action for conversion divorce pursuant to Domestic Relations Law § 170 (6) and defendant's amended answer contained a counterclaim for similar relief. Although plaintiff's action also sought to invalidate certain of the other provisions of the separation agreement relating to financial and property matters, nevertheless her verified complaint acknowledges that she and defendant had lived separate and apart pursuant to the terms of the separation agreement for a period in excess of one year. Furthermore, plaintiff failed to submit any affidavit whatsoever in opposition to defendant's motion for summary judgment. Since defendant interposed a counterclaim in which he sought a conversion divorce pursuant to Domestic Relations Law § 170 (6) and thereafter brought this motion for summary judgment, CPLR 3212 (e) does not bar him from affirmatively seeking summary judgment on his counterclaim for conversion divorce. (Appeal from order of Supreme Court, Onondaga County, Aloi, J.—summary judgment.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.