■ ALLIS NIELSEN, Appellant, v BENT O. A. NIELSEN, Respondent.—In a matrimonial action in which the parties were divorced by judgment dated May 2, 1986, the plaintiff wife appeals from an order of the Supreme Court, Westchester County (Ferraro, J.), dated March 10, 1987, which, after a hearing, denied her motion to set aside a stipulation of settlement.

Ordered that the order is affirmed, without costs or disbursements.

On February 4, 1986, the parties and their attorneys appeared before the Supreme Court, Westchester County, and entered into an oral stipulation placed on the record in open court which was subsequently incorporated in but not merged with a judgment of divorce dated May 2, 1986. The stipulation provided, *inter alia,* that (1) the plaintiff wife was to receive: (1) a 3.1-acre lot located in the Bahamas; (2) a condominium in Briarcliff Woods, Ossining; (3) a 1980 automobile; and (4) a lump-sum payment of $200,000. The defendant was to retain title to the parties' marital residence and was awarded custody of the parties' son, whose support and school expenses he was to provide. The parties waived their rights to maintenance. After placing the foregoing terms on the record, the court questioned the plaintiff, who stated that she agreed that the settlement was both fair and equitable.

Subsequently, the plaintiff moved to set aside the stipulation on the grounds that the defendant, *inter alia,* had misrepresented his financial status. A full evidentiary hearing was conducted, after which the court denied the plaintiff's motion. We affirm.

The plaintiff's assertion that she was induced by the defendant's misrepresentations to enter into a stipulation is unsupported by the evidence adduced at the hearing. Although a key allegation advanced by the plaintiff concerned the defendant's alleged misrepresentations regarding the value of the marital premises and the extent to which it was encumbered by debt, there was no proof adduced at the hearing—other than the plaintiff's own allegations—establishing that the defendant misled the plaintiff in this respect. Indeed, at the

hearing the plaintiff's counsel conceded that the representations made by the defendant with respect to the liens encumbering the marital premises were accurate. Further, the record reveals that the marital residence was actually sold for less than the value which the defendant had allegedly discussed with the plaintiff prior to the execution of the stipulation.

Moreover, the plaintiff's remaining allegations of wrongdoing are conclusory and fail to support her contentions of overreaching and fraud (see, Christian v Christian, 42 NY2d 63, 72-73). The plaintiff was represented by independent counsel of her own choosing at the time she signed the stipulation and its provisions are not unconscionable as that term has been defined by case law (see, McFarland v McFarland, 70 NY2d 916, 918; Christian v Christian, supra; McDougall v McDougall, 129 AD2d 685; Smith v Smith, 129 AD2d 575; Surlak v Surlak, 95 AD2d 371). Mangano, J. P., Weinstein, Kooper and Balletta, JJ., concur.