■ DONALD R. SIEGEL, Appellant, v IONA SIEGEL, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated March 8, 1988, as granted that branch of the defendant wife's motion which was for pendente lite maintenance, and (2) as limited by his notice of appeal and brief, from so much of an order of the same court, also dated March 8, 1988, as, upon reargument, adhered to the original determination, denied his motion to vacate the defendant's interrogatories, and granted the defendant's cross motion for an award of counsel fees to the extent of awarding her $1,000.

Ordered that the appeal from the order dated March 8, 1988 which granted that branch of the defendant's motion which was for pendente lite maintenance is dismissed, as that order was superseded by the order dated March 8, 1988, made upon reargument; and it is further,

Ordered that the order dated March 8, 1988, made upon reargument, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The parties were married in 1960, and had two children, born in 1965 and 1967 respectively. The child born in 1965 died in 1986. In 1977, the parties executed a separation

agreement whereby each party lived in the marital home with the children in alternate months. The parties agreed to joint custody. The separation agreement also provided, in relevant part, that if either party desired to cease to occupy the marital home on an alternative monthly basis, the effect of the support and maintenance provisions of the agreement would terminate and the parties would either agree to new provisions or seek judicial resolution of the issue.

In November 1982, pursuant to advice from the children's therapists, the defendant withdrew from the living arrangement provided for in the separation agreement. The children remained in the marital home with the plaintiff. Two years later, the younger child moved in with the defendant and has remained there. In 1986 the plaintiff commenced this action for a conversion divorce pursuant to Domestic Relations Law § 170 (6), and the defendant moved, *inter alia,* for maintenance and counsel fees pendente lite. The Supreme Court granted her this relief.

The plaintiff argues that where a separation agreement entered into prior to 1980 is the subject of a conversion divorce, Domestic Relations Law § 236 (A) must apply. Under that statute, while a valid separation agreement governing the issue is in effect, pendente lite relief cannot be granted *(Carner v Carner,* 85 AD2d 589). What the plaintiff has failed to acknowledge, however, is that, under the terms of the separation agreement, once the defendant ceased occupying the marital home in alternate months, the plaintiff's obligation for her support terminated. The parties never agreed upon spousal support after that event. Therefore, under the terms of the agreement, the defendant was entitled to move in court for that relief.

Once the effect of the maintenance provision in the separation agreement terminated, maintenance pendente lite was subject to the law in effect at the time the action was commenced, to wit, Domestic Relations Law § 236 (B) (6) (a). The Supreme Court properly considered the parties' present and former standards of living when it awarded the defendant $250 per week in maintenance pendente lite.

As the separation agreement no longer contains an effective maintenance provision, and the defendant has requested counsel fees, discovery is warranted. Therefore, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 3103 to strike the defendant's interrogatories *(see, Kennedy v Kennedy,* 104 AD2d 488, 492).

The Supreme Court also properly awarded counsel fees of $1,000 pendente lite. This action is one for a conversion divorce and counsel fees may be awarded under Domestic Relations Law § 237. Moreover, the defendant has fully complied with the requirements of 22 NYCRR 202.16 (g) (2) *(cf., Di Bella v Di Bella,* 140 AD2d 292; *Baecher v Baecher,* 80 AD2d 629, *lv dismissed* 53 NY2d 605). Mangano, J. P., Brown, Eiber and Sullivan, JJ., concur.