Order, Supreme Court, New York County (Laura E. Drager, J.), entered March 21, 2012, which, inter alia, granted defendant’s motion to enforce the terms of the parties’ prenuptial agreement, for summary judgment dismissing the cause of action for equitable distribution of marital assets, to waive the confidentiality provisions of the parties’ interim agreement for the limited purposes of the motion and the divorce action, to enforce the terms of the interim agreement, and for summary judgment dismissing the cause of action for maintenance, unanimously affirmed, without costs.
Plaintiffs claim for equitable distribution of the marital assets is barred by the parties’ prenuptial agreement, which was made before the effective date of the equitable distribution statute and is valid and enforceable (see Domestic Relations Law § 236 [B] [3]; Carner v Carner, 85 AD2d 589 [2d Dept 1981]). The October 1972 agreement provides that each party “waives, releases, renounces and surrenders” any “rights, claims and elections” he or she may ever have “to take any interest or share of the other’s estate or property, whether now owned or hereafter acquired . . . under any circumstances whatsoever, with the same force or effect as though there had never been a marriage between the parties hereto.” Plaintiff has failed to identify any asset that is held in the parties’ names jointly or denominated as joint property that may therefore be subject to equitable distribution. Contrary to plaintiffs contention, it is of no moment that the parties’ prenuptial agreement does not contain an express waiver of equitable distribution (see Van Kipnis v Van Kipnis, 11 NY3d 573, 579 [2008]).
Plaintiffs assertion that he did not have independent legal advice before signing the parties’ June 2009 interim agreement, without more, is an insufficient basis for invalidating that agreement (see Levine v Levine, 56 NY2d 42, 48 [1982]). Nor is the *492 interim agreement, which obligates defendant to pay plaintiff maintenance in the amount of $5,200 per month, premiums for health insurance and long-term care insurance—all for life— unconscionable (see Christian v Christian, 42 NY2d 63, 71 [1977]). Having been actively involved in the management of defendant’s family business and investments, plaintiff was aware of the disparity in the parties’ financial resources at the time they entered into the interim agreement. Nevertheless, in the agreement, he acknowledged his belief that the agreement was “fair, reasonable and in his . . . own best interests.” Under the circumstances, if in retrospect a provision appears inequitable, we will not “redesign the bargain arrived at by the parties” (see id. at 72). We find, moreover, that plaintiff ratified the interim agreement by accepting the benefit thereof for a period of 22 months before commencing this action (see Beutel v Beutel, 55 NY2d 957 [1982]).
Given that plaintiff seeks an award of maintenance, and defendant contends that by seeking such an award plaintiff breached the interim agreement, without a limited waiver of the confidentiality provisions of the agreement, the merits of the parties’ respective claims and defenses would be incapable of determination, and the purpose of the agreement would be defeated.
We have considered plaintiffs remaining contentions and find them unavailing. Concur—Friedman, J.E, Richter, Feinman, Gische and Clark, JJ.