Reversible Destiny Found., Inc. v Post (2019 NY Slip Op 05225)





Reversible Destiny Found., Inc. v Post


2019 NY Slip Op 05225


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Friedman, J.P., Gische, Kapnick, Singh, JJ.


9778N 657477/17

[*1] Reversible Destiny Foundation, Inc., Plaintiff-Respondent,
v
Johanna Post, et al., Defendants-Appellants.


Baum, LLC, New York (David R. Baum of counsel), for appellants.
Carter Ledyard & Milburn LLP, New York (Judith M. Wallace of counsel), for respondent.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered January 4, 2019, which granted plaintiff's motion to dismiss defendants' fifth and sixth affirmative defenses, unanimously affirmed, without costs.
Defendant Post, a director of nonparty Architectural Body Research Foundation (ABRF), is a former employee and director of plaintiff. After she was terminated from plaintiff's employ, Post and defendant MacNair, her husband and another director of ABRF, and plaintiff executed a "Severance and Release Agreement" (the agreement), pursuant to which Post received severance and medical insurance premiums for 12 months in exchange for releasing plaintiff from, among other things, all claims relating to her employment relationship and her termination. Plaintiff later sought by letter the return of $109,600 that it had paid Post under the agreement, on the ground of breaches of the agreement, and thereafter commenced this action asserting claims of breach of contract against both defendants and breach of fiduciary duty against Post.
Defendants asserted an affirmative defense alleging that the restrictive covenants in the agreement are an unlawful retaliation against Post for blowing the whistle on plaintiff's misappropriation of property belonging to ABRF (the fifth) and an affirmative defense alleging that the restrictive covenants are unenforceable, lack consideration, are inconsistent with New York law, and contravene public policy (the sixth). These defenses are without merit as a matter of law (see CPLR 3211[b]; see 534 E. 11th St. Hous. Dev. Fund Corp. v Hendrick, 90 AD3d 541 [1st Dept 2011]).
The motion court correctly found that defendants ratified the agreement by retaining the $109,600 paid under it (see Allen v Riese Org., Inc., 106 AD3d 514, 517 [1st Dept 2013]; see also Sheindlin v Sheindlin, 88 AD2d 930, 931 [2d Dept 1982], appeal dismissed 57 NY2d 775 [1982]). Defendants argue that their retention of these funds does not signify ratification of the restrictive covenants, because the $109,600 was paid for defendant Post's release of her claims only, per section 3(a) of the agreement. However, read as a whole (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162-163 [1990]), the agreement plainly shows that the parties intended the payments to be made in exchange for all of defendants' agreements, not the release only. Section 6(b) further shows that the parties intended the payments as consideration for the restrictive covenants as well as for the release. In that section, defendants acknowledged that any breaches of sections 2 through 5 of the agreement (the restrictive covenants are in sections 3 and 4) constituted a material breach, the remedies for which included the return to plaintiff of any portion of the severance payment received by Post and the forfeiture of any right to receive additional portions of the severance payment.
Defendants argue that the agreement lacked consideration as to defendant MacNair. However, "a benefit flowing to a third person ... constitutes a sufficient consideration for the promise of another" (Mencher v Weiss, 306 NY 1, 8 [1953]; Restatement [Second] of Contracts § 71, Comment e and Illustrations 14-18). Moreover, consideration for an agreement consists of either a benefit to the promisor or a detriment to the promisee; plaintiff forwent $109,600 as [*2]consideration for the promises of non-disclosure and non-disparagement made to it by MacNair (see Weiner v McGraw-Hill, Inc., 57 NY2d 458, 464 [1982]).
Defendants argue that it was premature to dismiss their affirmative defenses. However, the discovery that defendants claim to need concerns the circumstances of Post's termination, and Post released all claims pertaining to that issue in section 3(a) of the agreement. Moreover, that discovery would not be probative of the core issue here, i.e., whether defendants' retention of the severance payments bars them from challenging the agreement on any theory.
Defendants contend that they were deprived of independent counsel. However, the reasonable reading of section 4(a) of the agreement, "Confidentiality and Non-Disclosure," is that defendants may not disclose proprietary or confidential information owned by plaintiff, including plaintiff's "communications with any person, including but not limited to counsel, with respect to any claim of any kind against Madeline Gins, Shusaku Arakawa, or the Estate." Thus, defendants would not divulge plaintiff's litigation strategy as to these third parties; their right to consult with their own counsel was not infringed. Indeed, to the contrary, section 4(b) states that defendants may disclose the existence and terms of the agreement to Post's legal counsel.
Defendants' argument that the covenants are unenforceable because they are overbroad is unpreserved and in any event unavailing. The covenants are narrow in scope, do not evince anti-competitive intent, and do not even bear on defendants' ability to earn a livelihood (see e.g. BDO Seidman v Hirshberg, 93 NY2d 382, 388-389 [1999]).
We reject defendants' argument that the covenants do a disservice to the public interest because they deprive defendants and ABRF from taking important steps to recover misappropriated artwork.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK