OPINION OF THE COURT
Sidney Leviss, J.
Salvatore Puca brought an action for divorce and defendant wife, Edna Puca, answered the complaint and counterclaimed for divorce. By stipulation plaintiff subsequently withdrew his complaint and permitted the defendant to proceed for a divorce on her counterclaim without opposition.
A hearing was held by this court on December 16, 1981. Both parties were duly sworn and after presentation of the defendant’s case the parties stipulated on the record with respect to child support, division of property and attorneys’ fees and other related matters. After the stipulation was orally entered into the record, the court asked the following questions of each party separately:
“Have you heard the stipulation which was read into the record?
“Do you understand the stipulation?
“Do you consent to the stipulation?”
Each of the parties answered each question in the affirmative.
*458 The court then granted a judgment of divorce to the defendant wife and awarded her custody of the infant child with the further instructions to settle judgment and that affixed to the minutes will be an acknowledgement which must be executed by both parties.
The attorney for the plaintiff now submits judgment of divorce for signature by the court, which was properly served on the defendant’s attorney for settlement. The minutes attached are acknowledged in proper form pursuant to section 236 (part B, subd 3) of the Domestic Relations Law by the plaintiff, but is not acknowledged by the defendant.
Attached to the plaintiff’s attorney’s affirmation for settlement is a copy of a letter from defendant’s attorney stating that defendant will not sign the minutes as plaintiff is in default in the sum of $216.49, which she claims is due her for various items and for which plaintiff is obligated to pay by the terms of the divorce, and requests a check in the afore-mentioned sum. One of the items mentioned in the letter, that for a doctor’s bill in an unspecified sum, may or may not be encompassed by the stipulation, but that is deemed unimportant by the court to the issue involved herewith.
Section 236 (part B, subd 3) of the Domestic Relations Law, states: “3. Agreement of the parties. An agreement by the parties, made before or during the marriage, shall be valid and enforceable in a matrimonial action if such agreement is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded. Such an agreement may include (1) a contract to make a testamentary provision of any kind, or a waiver of any right to election against the provisions of a will; (2) provision for the ownership, division or distribution of separate and marital property; (3) provision for the amount and duration of maintenance or other terms and conditions of the marriage relationship, subject to the provisions of section 5-311 of the general obligations law, and provided that such terms were fair and reasonable at the time of the making of the agreement and are not unconscionable at the time of entry of final judgment; and (4) provision for the custody, care, education and mainte *459 nance of any child of the parties, subject to the provisions of section two hundred forty of this chapter. Nothing in this subdivision shall be deemed to affect the validity of any agreement made prior to the effective date of this subdivision.” The statute is silent with respect to stipulations entered into in open court.
There can be no doubt that the foregoing section was intended to protect the parties by formalizing the agreement in the same manner as a deed. However, the court cannot perceive that the legislative intent was to discourage or impede the accepted and expeditious practice of entering into stipulations in open court to settle matrimonial disputes without the necessity of a full trial. The parties are fully protected by the procedures enumerated hereinabove, having both been duly sworn, having had an opportunity to consult with their attorneys, and having freely, on the record, consented to such agreement under the supervision of the court.
CPLR 2104 states: “An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered.” The courts have consistently interpreted this rule to hold that stipulations made in open court, including a Judge’s chambers, in the presence of the parties and their attorneys, and dictated into the record, have the same force and effect as written agreements and will be enforced by the court. (Ariel v Ariel, 5 AD2d 168, mots for lv to reargue or to app den 5 AD2d 981; Bond v Bond, 260 App Div 781, mots for reargue and lv to app den 261 App Div 835; Bernstein v Salvatore, 62 AD2d 945.)
It is the opinion of this court that the Legislature did not intend to abrogate CPLR 2104 with respect to matrimonial actions settled in open court, for to rule otherwise would encourage one of the parties, after a full settlement, to hinder or delay or make futile such settlement for motives completely unrelated to the terms of the settlement. Furthermore, if one of the parties is of the belief that a provision of the settlement has been violated, such settle *460 ment is an enforceable contract and the alleged aggrieved party would be protected by his or her remedy at law.
Therefore, it is the decision of this court that judgment of divorce may be entered, despite the fact that one of the parties to the agreement made in open court, with the parties and their attorneys present, has not acknowledged the minutes.