■ DOMINIC GIAMBATTISTA, Respondent, v LUCILLE GIAMBATTISTA, Appellant. (Appeal No. 1.) — Judgment unanimously reversed, on the law and facts, with costs, and matter remitted to Supreme Court, Onondaga County, for further proceedings, in accordance with the following memorandum: Plaintiff and defendant, wed in 1952, asserted cross claims for divorce. The case was assigned to a part for trial in November, 1981 and at that time the parties agreed that each would receive a divorce from the other based upon cruel and inhuman treatment providing they could resolve their financial questions. After some negotiations they agreed upon a property settlement which included the distribution of real and personal property, possession of the marital residence and alimony as well as minor insurance and tax matters. The agreement was placed upon the record, accepted by both parties and their counsel and the court then proceeded to hear the evidence and grant the divorces. It was agreed that the judgment of divorce was to be signed after the parties executed the property settlement. While the property settlement was being negotiated, defendant wife's attorney advised her that the settlement was not binding until reduced to writing and signed by the parties before a notary public. Moreover, the court, in placing the settlement on the record, made the same statement, also stating that the settlement was subject to the court's review to determine if its terms were unconscionable. It is apparent from the record that both the court and the attorneys conceived of this settlement as an "opting out agreement" as defined in section 236 (part B, subd 3) of the Domestic Relations Law and believed that the formalities of writing, subscription and acknowledgment were required to comply with the statute. After the transcript was typed, it was submitted to the parties for signature. The husband executed the stipulation but the wife refused to do so. Thereafter, the court called the parties before it and urged the wife to sign the stipulation. When she refused to do so, the court entered an order granting the divorces, incorporating but not merging the property settlement in the decree and referring all future questions to Family Court. The wife subsequently changed lawyers and moved to vacate the decree, contending that the settlement was not binding on her and that the court's property disposition did not otherwise accord with the provisions of the Equitable Distribution Law. The court denied the motion and she appeals from the judgment of divorce and the order denying her motion to vacate it. Plaintiff contends that the settlement is binding because made in open court (see *Fuchs v Fuchs,* 65 AD2d 595, 596; *Owens v Lombardi,* 41 AD2d 438). The court record may obviate Statute of Frauds objections and establish the terms of the settlement, but the presence of a record cannot complete a settlement and make it binding upon the parties when they did not intend the terms to be final and binding (*Teitlebaum Holdings v Gold,* 48 NY2d 51). The record of these proceedings establishes that the stipulation was conditional and that the parties and the court did not intend it to be binding until formally executed by both parties. Alternatively, plaintiff contends that the statutory formalities were not necessary for a court ruling on equitable distribution in view of the stipulation. We have no doubt that evidence may be received by the court on stipulation of the parties and

that it may make a decree of equitable distribution and maintenance without the necessity of formal proof if the parties so agree. The stipulation of evidence notwithstanding, however, the court must make findings and the record must contain evidence to support its decision as required by section 236 (part B, subd 5) unless the parties "opt out" under the terms of subdivision 3. This record contains no evidence of the parties' marital assets or relative financial positions and no findings by the court, and since the parties did not execute an agreement as required by subdivision 3, the judgment and order must be reversed and the matter remitted to Trial Term for appropriate proceedings to comply with the provisions of part B of section 236 of the Domestic Relations Law. There appears to be no need to retry the divorce issues. (Appeal from judgment of Supreme Court, Onondaga County, McLaughlin, J. — divorce.) Present — Dillon, P. J., Simons, Callahan, Boomer and Schnepp, JJ.