■ Mary Hanford, Appellant, v G. Gerald Hanford, Respondent. — Judgment unanimously reversed, on the law and the facts, with costs, and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: The parties to this action asserted cross claims for divorce based upon the others' cruel and inhuman treatment. During the course of the trial, and after extensive negotiations, they agreed upon a property settlement which was then recited in open court by counsel and accepted by both parties on the record. The stipulation was reduced to writing thereafter but plaintiff refused to execute it and moved for a mistrial. Her motion was denied and the court granted judgment awarding the parties mutual divorces. The court incorporated the stipulated property settlement into the judgment and its findings of fact without further comment. The action was governed by part B of section 236 of the Domestic Relations Law and since the stipulation did not meet the requirements of subdivision 3 of that part, it may not be considered an "opting out" agreement (see *Giambattista v*

*Giambattista,* 89 AD2d 1057). Thus, the parties' property rights had to be resolved by the court pursuant to the provisions of section 236 (part B, subd 5), which direct that the court "shall" determine the respective rights of the parties in their separate or marital property and it shall set forth the factors it considered and the reasons for its decision. Such findings and reasons may not be waived by either party (Domestic Relations Law, § 236, part B, subd 5, par g; see 2 Foster-Freed, Law and The Family, 1982 Cumulative Supplement, p 830 *et seq.*). Since the court failed to undertake the investigation required or explain its findings, the judgment may not stand. The judgment, insofar as it determines the property rights of the parties pursuant to the Equitable Distribution Law, is reversed and the matter is remitted to the Trial Justice for appropriate findings of fact and conclusions of law and for further proof on equitable distribution and maintenance if the court is so advised. We do not have the full record of the merits of the divorce actions before us, uncontested relief having been granted to both parties on those issues by the court. Accordingly, we do not pass upon Trial Term's finding that the parties are entitled to mutual divorces. (Appeal from judgment of Supreme Court, Erie County, Kennedy, J. — divorce.) Present — Simons, J. P., Hancock, Jr., Callahan, Moule and Schnepp, JJ.