JERRY S. LISCHYNSKY, Respondent-Appellant, v OLA LIS-CHYNSKY, Appellant-Respondent.

Third Department, August 4, 1983

APPEARANCES OF COUNSEL

*J. Raymond Fisher* for appellant-respondent.

*Robert W. Kahn, P. C.* (*Peter K. Levine* of counsel), for respondent-appellant.

OPINION OF THE COURT

CASEY, J.

The parties were married in 1976 and, in August, 1980, plaintiff commenced this action for divorce on the grounds of cruel and inhuman treatment. Defendant's answer consisted of a general denial. During the trial, the parties stipulated that defendant would amend her answer to include a counterclaim for divorce on the grounds of cruel and inhuman treatment, that each party would go forward with proof on his or her grounds for divorce and that the dispute over the parties' property would be resolved pursuant to an agreement placed on the record. The parties proceeded to put in their proof concerning cruel and inhuman treatment. The trial court found that each party had established the other's cruel and inhuman treatment as alleged and that the stipulated property settlement was

fair and reasonable when made and not unconscionable at the entry of judgment. The judgment granted dual divorce and ordered that the stipulated agreement govern all questions of alimony and maintenance, equitable distribution of marital property, distributive award, and any other financial, property and matrimonial matters. Defendant appeals from the dual judgment of divorce and plaintiff cross-appeals from that portion of the judgment which incorporates but does not merge the stipulated agreement.

Pursuant to section 236 (part B, subd 5, par a) of the Domestic Relations Law (unless otherwise indicated all statutory references hereinafter are to the Domestic Relations Law), the court "shall determine the respective rights of the parties in their separate or marital property, and shall provide for the disposition thereof in the final judgment", unless the parties have provided for disposition of their property in an agreement which meets the requirements of section 236 (part B, subd 3). When the court makes the required disposition of the parties' property, "[s]eparate property shall remain such" (§ 236, part B, subd 5, par b), and "[m]arital property shall be distributed equitably between the parties, considering the circumstances of the case and of the respective parties" (§ 236, part B, subd 5, par c). In making the equitable distribution required above, the court is required to consider nine specific factors (§ 236, part B, subd 5, par d, cls [1]-[9]) and "any other factor which the court shall expressly find to be just and proper" (§ 236, part B, subd 5, par d, cl [10]). Failure to consider the factors as mandated by the statute requires reversal of that portion of the judgment pertaining to distribution of the parties' property (*Nielsen v Nielsen,* 91 AD2d 1016). It is clear from the record herein that the trial court considered only whether the parties' stipulated agreement concerning disposition of their property was fair and reasonable at the time of its making or unconscionable at the time of entry of judgment. Accordingly, unless the stipulated agreement constitutes an "opting out" agreement, as provided for in section 236 (part B, subd 3), the equitable distribution ordered by the trial court herein is invalid (see *Giambattista v Giambattista,* 89 AD2d 1057).

Section 236 (part B, subd 3) provides that "[a]n agreement by the parties, made before or during the marriage, shall be valid and enforceable in a matrimonial action if such agreement is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded". The stipulated agreement herein, while transcribed in the record, has been neither subscribed by the parties nor acknowledged or proven in the manner required to entitle a deed to be recorded. The agreement, therefore, does not meet the requirements of section 236 (part B, subd 3) and is insufficient to allow the court to ignore the requirements of section 236 (part B, subd 5) (*Hanford v Hanford,* 91 AD2d 829; see, also, *Giambattista v Giambattista, supra*).

Defendant maintains that the entire judgment, including that portion which grants each party a divorce on the grounds of cruel and inhuman treatment, must be reversed. We disagree. The conclusion that the stipulated property settlement is not an "opting out" agreement under section 236 (part B, subd 3) and that, therefore, the property disposition made without considering the factors enumerated in section 236 (part B, subd 5, par d) is invalid, does not automatically require that the entire judgment, including the grant of a dual divorce, be reversed (see *Hanford v Hanford, supra*). Unlike *Giambattista v Giambattista* (*supra*), upon which defendant relies, the record herein does not establish that the parties agreed that each would receive a divorce from the other based upon cruel and inhuman treatment provided they could resolve their financial questions. Rather, they merely stipulated that defendant could amend her answer to include a counterclaim for divorce on the grounds of cruel and inhuman treatment and that each party would then put in his or her proof on the issue of the other's cruel and inhuman treatment. The transcript of counsels' discussions containing the property settlement reveal an awareness that whether a divorce ultimately would be granted depended upon the parties' proof. Here, each party submitted his or her proof, which the trial court found sufficient to provide a basis for granting a divorce, and defendant does not contest these factual findings and legal conclusions. Under these cir-

cumstances, we see no basis for disturbing any portion of the judgment other than that pertaining to the property rights of the parties under part B of section 236 of the Domestic Relations Law.

The judgment should be modified, on the law, by reversing so much thereof as ordered that all questions concerning maintenance payments, equitable distribution of marital property, distributive award, finances, personal and real property, and other marital matters be governed by the agreement stipulated to in open court, the matter remitted for further proceedings not inconsistent herewith, and as so modified, affirmed, without costs.

LEVINE, J. (dissenting). We respectfully dissent. After the commencement of the jury trial in this matrimonial action, the parties, with the aid of the court, negotiated an agreement to fully dispose of the action by their obtaining uncontested dual divorces and dividing the personal and real property. In open court, they then spread upon the record a stipulation of settlement embodying the terms of their agreement. The trial court reviewed the proposed settlement and, after expressly reciting that it had considered all of the statutory factors for equitable distribution (Domestic Relations Law, § 236, part B, subd 5, par d), found the stipulation to be fair and reasonable.

Under nearly a century-long tradition, such a stipulation, particularly once embodied in a final judgment, would be accorded the highest degree of impregnability. In 1885, the Court of Appeals held that "[p]arties by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce * * * and all such stipulations not unreasonable, not against good morals, or sound public policy, have been and will be enforced" (*Matter of New York, Lackawanna & Western R. R. Co.,* 98 NY 447, 453). More recently, this court has held that "[s]tipulations of settlement, which do much to alleviate overburdened court calendars, are favored by the courts and will not be set aside absent a showing of such good cause as would invalidate a contract" (*Myers v Bernard,* 38 AD2d 619). The majority holds that the judgment herein is invalid because the stipulation upon which it was

based did not comply with the formal requisites for an "opting out" agreement (Domestic Relations Law, § 236, part B, subd 3) and because the judgment failed expressly to include consideration of the statutory factors for equitable distribution (Domestic Relations Law, § 236, part B, subd 5, par g). Thus, under the majority's holding, in the not untypical situation where parties to a matrimonial action arrive at a settlement on the eve of or during trial, they will not be able to use the simple, expeditious mechanism of a stipulation on the record to conclude the financial aspects of their dispute. Instead, such parties are to be relegated to two alternative means for disposing of their lawsuit without trial, namely, (1) adjourning the proceedings for the drafting and execution of an "opting out" agreement, or (2) since obviously the court cannot make findings without evidence, engaging in a formal hearing for the taking of proof pertinent to the statutory factors. Moreover, the majority's decision effectively eliminates the use of stipulations as to all of the financial aspects of divorce litigation, since findings considering the statutory factors are required and are not waivable for not only the equitable distribution of property, but also for maintenance and child support determinations (Domestic Relations Law, § 236, part B, subds 5, 6, 7).

Both of the foregoing alternatives to the customary stipulation of settlement are, in our view, not only totally unnecessary to protect the rights of the parties, but have the potential for delaying and mischievously interfering with the settlement process. Certainly a settlement stipulation, entered on the record in open court with the parties present with their attorneys, has at least the formality and solemnity equivalent to the statutory requirements for an effective "opting out" agreement. The second alternative, a court hearing with findings on the statutory factors, would either become a meaningless, expensive and time-consuming formality, or would invite the court to upset the parties' stipulation and impose its own financial determination based upon its independent consideration of the statutory factors and the evidence presented.

Given that *contested* matrimonial actions represent the second most prevalent category of civil litigation in the

Supreme Court (see Third Ann Report of Chief Administrator of Courts, 1981, table 29, p 48) and that personal hardship and bitterness are uniquely inherent in fully contested divorce trials, we should not impose needless additional barriers to the efforts of the litigants, their attorneys and the trial courts to arrive at mutually agreeable settlements of such actions unless there is a clear expression of a contrary legislative intent. We find no such expression of intent in the language of part B of section 236 that the court's "decision" (itself unnecessary if the parties have entered into a stipulation) must set forth its consideration of the statutory factors and that such requirement is unwaivable. The purpose of this requirement has been identified by distinguished commentators as "a check on unfettered discretion, and [it] also provides a basis for an appeal where it is believed that there was an abuse of discretion" (2 Foster and Freed, Law and the Family, § 33:8-A [1983 Cum Supp], p 870; see, also, Scheinkman, 1981 Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law, C236B:17 [1982-1983 Pocket Part], p 138). Obviously, these objectives have no relevancy whatsoever in the case of a stipulation of settlement where the parties themselves have determined what is equitable for division of their property and for maintenance and child support. Nor is there any express statutory provision prohibiting the parties from disposing of all financial issues in a matrimonial action by stipulation, as there is in the provision prohibiting the entry of judgment dissolving the marriage by consent, except upon submission of formal proof (Domestic Relations Law, § 211). Indeed, the absence of any provision in part B of section 236 corresponding to section 211 is itself strongly suggestive that the Legislature did not have stipulations of settlement in mind when it enacted the nonwaivable requirements for the form of a decision under the new Equitable Distribution Law. For these reasons, we would affirm the judgment rendered pursuant to the parties' stipulation.

Even were we to agree with the majority that the judgment was invalid because of the noncompliance of the court's decision with the formal requisites of part B of section 236, we would vote to reverse that judgment in its

entirety, rather than merely the portion thereof dealing with the division of marital property. If the parties are to be relieved of their stipulation, they should be restored completely to their *status quo ante* (see *Barcia v Barcia,* 283 App Div 726; *Bond v Bond,* 260 App Div 781).

SWEENEY and KANE, JJ., concur with CASEY, J.; MAHONEY, P. J., and LEVINE, J., dissent and vote to reverse in an opinion by LEVINE, J.

Judgment modified, on the law, by reversing so much thereof as ordered that all questions concerning maintenance payments, equitable distribution of marital property, distributive award, finances, personal and real property, and other marital matters be governed by the agreement stipulated to in open court, matter remitted for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs.