■ RACHEL B. STANFIELD, Respondent-Appellant, v JACK H. STANFIELD, Appellant-Respondent. — Order unanimously modified and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Onondaga County, for further proceedings, in accordance with the following memorandum: Plaintiff and defendant asserted cross claims for divorce. When the matter was reached for trial, the parties agreed upon a property settlement which provided for the equitable distribution of the marital property and for maintenance. This agreement was placed upon the record and agreed to before the court by the parties. Thereafter, the agreement was reduced to writing. Instead of signing at the end of the agreement, plaintiff signed immediately below the acknowledgment which followed the agreement and above that of her lawyer (a notary). Similarly, defendant's signature, followed by that of his attorney (a notary), appears below the applicable acknowledgment. Both parties acknowledged their signatures in open court. Plaintiff then withdrew her complaint and her reply to defendant's counterclaim and a divorce was

granted to defendant. Shortly thereafter, the court became concerned that the signatures on the stipulation did not comply with the formalities for such agreements prescribed by section 236 (part B, subd 3) of the Domestic Relations Law and requested that the parties re-sign the agreement in compliance with that section. When plaintiff refused to re-sign, the court set aside the agreement and referred the issues of equitable distribution and maintenance to Trial Term for trial on the merits and granted defendant a judgment of divorce. Defendant appeals from so much of the order as set aside the stipulation of settlement. Plaintiff cross-appeals from that portion of the order which granted defendant a judgment of divorce. ¶ We find that the settlement agreed upon by the parties was an "opting out agreement" which complied with the requirements set forth in section 236 (part B, subd 3) of the Domestic Relations Law. The agreement was reduced to writing. While technically the parties' signatures should have appeared directly below the body of the agreement and above the acknowledgments, both parties did sign the instrument. Their oral acknowledgment of their signatures in open court confirms that by signing where they did, they intended that the agreement be final and binding. Each party's signature was properly acknowledged. The cases relied on by plaintiff, in which one or both of the parties did not sign the agreement, are inapplicable (see *Lischynsky v Lischynsky,* 95 AD2d 111; *Hanford v Hanford,* 91 AD2d 829; *Giambattista v Giambattista,* 89 AD2d 1057). ¶ Accordingly, the order appealed from must be modified to delete the second, third and fourth decretal paragraphs and the matter is remitted to Supreme Court, Onondaga County, for further proceedings and entry of an appropriate judgment in accordance with this memorandum. (Appeals from order of Supreme Court, Onondaga County, Lawton, J. — divorce.) Present — Hancock, Jr., J. P., Doerr, O'Donnell, Moule and Schnepp, JJ.