LESLEY HARRINGTON, Appellant, v JONATHAN HARRINGTON, Respondent.

Second Department, September 24, 1984

APPEARANCES OF COUNSEL

*Finkelstein & Robinson* (*Alan D. Scheinkman* and *Samuel Finkelstein* of counsel), for appellant.

*Taylor Walker* for respondent.

OPINION OF THE COURT

BRACKEN, J. P.

On this appeal, we are called upon to determine whether an agreement between the parties in a matrimonial action, which is placed on the record in open court, but which is not reduced to writing and subscribed and acknowledged, constitutes a valid "opting out" agreement under section 236 (part B, subd 3) of the Domestic Relations Law.

This action for divorce was commenced in September, 1980. In June, 1982 plaintiff Lesley Harrington and defendant Jonathan Harrington entered into a stipulated agreement which was placed upon the record in open court and

accepted under oath as to its terms by both parties. The parties stipulated that dual divorces would be had, and that their rights to equitable distribution would be waived in all respects. They further stipulated to a resolution of custody and visitation issues involving the two children of the marriage. At the conclusion of the proceedings, the court stated that it would accept the stipulation, subject to an interview of the children.

On May 4, 1983, a judgment of divorce was entered, incorporating the foregoing stipulation. That part of the stipulation pertaining to child support and custody merged into the decree. The judgment, settled on notice, was not opposed by defendant, who did not submit a counterjudgment, nor did he appeal from the judgment.

By notice of motion dated July 20, 1983, defendant moved, *inter alia,* for an order vacating the judgment. Relying on two decisions of the Appellate Division, Fourth Department (*Giambattista v Giambattista,* 89 AD2d 1057; *Hanford v Hanford,* 91 AD2d 829), defendant contended that vacatur was required because the parties' stipulation had not been reduced to writing, signed and acknowledged by the parties and that, therefore, such stipulation did not constitute an "opting out" agreement within the meaning of section 236 (part B, subd 3) of the Domestic Relations Law. Defendant further asserted that because the court had not made its own determination and stated in writing the factors it had considered in arriving at its decision, which is a nonwaivable requirement (Domestic Relations Law, § 236, part B, subd 5, par g) where subdivision 3 of part B does not apply, the findings and judgment could not be sustained.

At oral argument on the motion, Special Term stated: "I know that in Kings County when we do stipulations under equitable distribution the judgment must read: 'The parties acknowledge that all their rights under equitable distribution and the value of their marital property have been considered and discussed. The provisions of this stipulation are entered into on the basis of the factors for such equitable distribution as enumerated in D.R.L., Section 236-B as if formally signed and executed.' I don't know if that judgment says that".

The court determined that the instant judgment did not so provide, and, by order entered November 1, 1983, vacated the parties' stipulation as to property rights, and directed that all questions of property rights and equitable distribution be determined by a special referee. However, the court did not vacate the judgment of divorce. By order of this court, the hearing has been stayed pending determination of the appeal.

We now reverse the order appealed from and decline to follow the Appellate Division, Fourth Department, cases relied upon by defendant. In those cases, as well as in an Appellate Division, Third Department, case (*Lischynsky v Lischynsky,* 95 AD2d 111), stipulations were vacated on direct appeal from judgments which had been entered based upon oral stipulations. Moreover, the stipulation in one of the cases (*Giambattista v Giambattista,* 89 AD2d 1057, *supra*) was not to become binding until reduced to writing and signed, and was also made subject to the trial court's review for unconscionability. In *Giambattista,* after the transcript containing the oral property settlement had been typed and executed by the husband, the wife refused to sign the stipulation, despite the court's urging that she do so. A judgment of divorce was thereafter entered which incorporated the property settlement, although it had been agreed that the judgment would not be signed until after the parties had executed the settlement. The wife unsuccessfully moved to vacate the decree and thereafter appealed from both the judgment of divorce and the order denying vacatur. The Appellate Division, Fourth Department, reversed, holding, *inter alia,* that the oral stipulation placed on the record did not satisfy the requirements of section 236 (part B, subd 3) of the Domestic Relations Law (*Giambattista v Giambattista, supra,* p 1058). *Hanford v Hanford* (91 AD2d 829, *supra*) also involved the refusal of one party to sign a written agreement memorializing an oral stipulation and the entry of judgment despite such refusal. On the authority of *Giambattista,* the judgment was reversed (accord *Lischynsky v Lischynsky,* 95 AD2d 111, *supra*). In the instant case, no appeal was taken from the judgment of divorce. No agreement existed that the stipulation was not to be binding until reduced to writing

and signed by both parties, nor was there any refusal by any party to sign such written agreement setting forth the oral stipulation in question.

Our declination to follow these cases is, however, predicated more on matters of policy than upon procedural distinctions.

Section 236 (part B, subd 3) of the Domestic Relations Law provides, in relevant part, "[a]n agreement by the parties, made before or during the marriage, shall be valid and enforceable in a matrimonial action if such agreement is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded." Because the stipulations in those cases considered by the Third and Fourth Departments were merely oral, they were found not to meet the requirements of subdivision 3. It was concluded in each case that, because the parties did not have an enforceable "opting out" agreement, the failure on the part of the trial court to set forth the parties' rights, the factors considered by it, and the reasons for its findings, necessitated vacatur of the judgment (see, also, *Conde v Conde,* 96 AD2d 747).

Without question, prior to the enactment of the Equitable Distribution Law (Domestic Relations Law, § 236, part B, eff July 19, 1980), a stipulation entered into in open court was binding and enforceable (*Beckford v Beckford,* 54 AD2d 968, 969), and that principle has been reaffirmed subsequent to the enactment of the Equitable Distribution Law (*Tinter v Tinter,* 96 AD2d 556, 557; see, generally, *Collazo v New York City Health & Hosps. Corp.,* 103 AD2d 789). We hold that an oral stipulation of settlement with respect to property issues in a matrimonial action, if spread upon the record and found to be fair and reasonable by the court, is not to be disturbed absent a showing of one of the "traditional" grounds for vacatur, e.g., fraud, duress, mistake or overreaching (*Beckford v Beckford,* 54 AD2d 968, 969, *supra*). As stated by Justice Levine in his dissenting opinion in *Lischynsky v Lischynsky* (95 AD2d 111, 114-115, *supra*):

"The majority holds that the judgment herein is invalid because the stipulation upon which it was based did not comply with the formal requisites for an 'opting out' agree-

ment (Domestic Relations Law, § 236, part B, subd 3) and because the judgment failed expressly to include consideration of the statutory factors for equitable distribution (Domestic Relations Law, § 236, part B, subd 5, par g). Thus, under the majority's holding, in the not untypical situation where parties to a matrimonial action arrive at a settlement on the eve of or during trial, they will not be able to use the simple, expeditious mechanism of a stipulation on the record to conclude the financial aspects of their dispute. Instead, such parties are to be relegated to two alternative means for disposing of their lawsuit without trial, namely, (1) adjourning the proceedings for the drafting and execution of an 'opting out' agreement, or (2) since obviously the court cannot make findings without evidence, engaging in a formal hearing for the taking of proof pertinent to the statutory factors. Moreover, the majority's decision effectively eliminates the use of stipulations as to all of the financial aspects of divorce litigation, since findings considering the statutory factors are required and are not waivable for not only the equitable distribution of property, but also for maintenance and child support determinations (Domestic Relations Law, § 236, part B, subds 5, 6, 7).

"Both of the foregoing alternatives to the customary stipulation of settlement are, in our view, not only totally unnecessary to protect the rights of the parties, but have the potential for delaying and mischievously interfering with the settlement process. Certainly a settlement stipulation, entered on the record in open court with the parties present with their attorneys, has at least the formality and solemnity equivalent to the statutory requirements for an effective 'opting out' agreement. The second alternative, a court hearing with findings on the statutory factors, would either become a meaningless, expensive and time-consuming formality, or would invite the court to upset the parties' stipulation and impose its own financial determination based upon its independent consideration of the statutory factors and the evidence presented".

We also do not believe that "the legislative intent [in enacting section 236 (part B, subd 3)] was to discourage or impede the accepted and expeditious practice of entering

into stipulations in open court to settle matrimonial disputes without the necessity of a full trial" (*Puca v Puca,* 115 Misc 2d 457, 459), and we conclude that "the Legislature did not intend to abrogate CPLR 2104 with respect to matrimonial actions settled in open court" (*Puca v Puca, supra,* p 459; see, also, *Josephson v Josephson,* 121 Misc 2d 572, 577). Therefore, section 236 (part B, subd 3) of the Domestic Relations Law should not be utilized to prohibit an oral stipulation made in open court, but should be more reasonably interpreted "as encouraging agreements between the parties before and during the marriage provided that they are in writing and properly subscribed and acknowledged or entered into in open court" (*Josephson v Josephson, supra,* p 577).

For the reasons stated, the order appealed from should be reversed insofar as appealed from, on the law, and defendant's motion should be denied in its entirety.

NIEHOFF, RUBIN and EIBER, JJ., concur.

Order of the Supreme Court, Kings County, entered November 1, 1983, reversed insofar as appealed from, on the law, with costs, and defendant's motion denied in its entirety.