■ JOHN S. DE JOSE, Respondent, v GRACE DE JOSE, Appellant. — In a matrimonial action, the defendant wife appeals (1) from a judgment of divorce of the Supreme Court, Nassau County (McGinity, J.), entered May 16, 1983, and (2) from an order of the same court (Burstein, J.), entered November 25, 1983, which, after a hearing, denied her motion to, *inter alia,* vacate a stipulation of settlement and the ensuing judgment of divorce.

Judgment and order affirmed, without costs or disbursements.

In July, 1979, prior to enactment of the Equitable Distribution Law (Domestic Relations Law, § 236, part B, eff July 19, 1980), the parties entered into a separation agreement which provided, *inter alia,* for settlement of the parties' property rights. Under the agreement, the parties waived alimony. They agreed that, in the event of a divorce, the marital premises would be sold and the net proceeds equally divided. In addition to agreeing to provide health insurance coverage for the wife, the husband delivered to her a demand promissory note in the amount of $10,276, representing 50% of the net worth of a margin account then in the husband's name. He also agreed to assume stated personal debts.

In March, 1982, after the effective date of the equitable distribution statute, plaintiff husband commenced an action for a conversion divorce based upon the separation agreement. Defendant wife's answer contained, *inter alia,* a demand for equitable distribution of marital property.

In 1983, at the ensuing trial, the parties entered into an oral stipulation of settlement which was placed on the record in open court and acknowledged by both parties as acceptable with regard to its terms. The stipulation provided, *inter alia,* that: (1) the parties would execute a contract to sell the marital premises to a stated purchaser for the sum of $261,000, of which defendant wife was to receive the net sum of $137,000; (2) the sum of $10,276 due under the promissory note, and interest thereon, would be deemed fully paid; (3) defendant wife would obtain her own medical coverage and be reimbursed by plaintiff husband; and (4) the remainder of the separation agreement, except as modified by the stipulation, would remain in effect.

Pursuant to the stipulation of settlement, the trial was discontinued and a judgment of divorce was entered on May 16, 1983. Prior to entry of the judgment, defendant wife moved, *inter alia,* to vacate the stipulation on grounds of fraud, coercion, undue influence, mistake, lack of adequate representation and lack of capacity. Following a hearing, Special Term denied the motion insofar as it sought to vacate the stipulation of settlement, and refused to vacate the judgment of divorce. We now affirm both the judgment and the order denying vacatur.

On appeal to this court, defendant's principal contention is that the 1979 preequitable distribution separation agreement failed to determine the parties' rights in plaintiff's two pensions. Therefore, the 1983 stipulation of settlement necessarily determined equitable distribution issues. That being the case, the oral stipulation, which was placed on the record in open court, was invalid, because an agreement to "opt out" of equitable distribution must be in writing, subscribed by the parties and acknowledged (Domestic Relations Law, § 236, part B, subd 3). We do not agree.

Where a separation agreement executed prior to the effective date of the Equitable Distribution Law evinces an intent to fully settle property rights, such property will not be subject to equitable distribution. However, where the agreement provides for only a partial settlement of property rights, and where, as here, the matrimonial action is commenced after the effective date of the Equitable Distribution Law, property excluded from the agreement is subject to equitable distribution (Domestic Relations Law, § 236, part B, subd 3; *Strader v Strader,* 91 AD2d 852; *Carner v Carner,* 85 AD2d 589; *Boss v Boss,* 107 Misc 2d 984).

In this case, we need not determine whether the separation agreement was intended by the parties to fully settle the property rights between them. Assuming, *arguendo,* that the agreement did not dispose of all property rights, and that the subsequent stipulation of settlement did determine rights to property which was otherwise subject to equitable distribution, the validity of that stipulation was not impaired by the fact that it was not reduced to writing, subscribed by the parties and acknowledged. Section 236 (part B, subd 3) of the Domestic Relations Law does not proscribe oral stipulations of settlement with respect to property issues in a matrimonial action which are spread upon the record in open court (*Harrington v Harrington,* 103 AD2d 356). Such on-the-record oral stipulations are binding and strictly enforceable and shall not be disturbed absent a showing of one of the " 'traditional' " grounds for vacatur, e.g., fraud, duress, mistake or overreaching (*Harrington v Harrington, supra;* see, also, *Beckford v Beckford,* 54 AD2d 968, 969). The evidence adduced by defendant at the hearing on her motion to set aside the stipulation failed to establish any basis for vacatur, and the motion was therefore properly denied.

We have considered defendant's remaining contentions and conclude that they do not provide a basis for reversal of either the order or the underlying judgment. Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.