■ DONNA JENSEN, Respondent, v WILLIAM JENSEN, Appellant.

Plaintiff wife commenced this action for divorce and ancillary relief in December 1981. By order dated February 26, 1982, plaintiff was awarded, *inter alia,* temporary exclusive possession of the marital residence, $84 per week for one half of the expenses of maintaining the marital residence, and $50 per week for the support of each of the two infant issue of the marriage. Upon granting defendant's motion for reargument, child support was reduced to $25 per week per child.

On June 15, 1983, the parties and their attorneys appeared before the Supreme Court, Putnam County, and entered into an oral stipulation put on the record in open court. That stipulation, *inter alia,* provided for (1) defendant's payment of $60 per week per child for child support, (2) defendant's payment of $1,932 in arrears in equal weekly installments over a 52-week period, (3) exclusive possession of the marital residence by plaintiff until her remarriage or the children's emancipation, at which time the property would be sold and the proceeds divided equally between the parties and (4) defendant's right to remove his tools from the marital residence within 30 days.

After making an inquiry as to the parties' understanding of the agreement and their intent to be bound by it, the court granted plaintiff's motion for a judgment of divorce. In its written findings of fact and judgment of divorce, the court incorporated by reference the oral stipulation and provided that said stipulation "shall survive and shall not be merged in this Judgment". Thereafter, defendant sought to set aside the stipulation or, in the alternative, to vacate that portion of the judgment providing for its survival, merger of the stipulation in the judgment and retroactive downward modification of the child support provision. We affirm the denial of defendant's requests for such relief.

As a preliminary matter, we reaffirm our disagreement with the views at the Appellate Divisions, Third and Fourth Departments, by continuing to hold that "[s]ection 236 (part B, subd 3) of the Domestic Relations Law does not proscribe oral stipulations of settlement with respect to property issues in a matrimonial action which are spread upon the record in open court" (*De Jose v De Jose,* 104 AD2d 629, 630; *accord, Harrington v Harrington,* 103 AD2d 356; *but see, Lischynsky v Lischynsky,* 95 AD2d 111; *Hanford v Hanford,* 91 AD2d 829; *Giambattista v Giambattista,* 89 AD2d 1057).

As to the validity of the child support provision of the divorce judgment, Domestic Relations Law § 236 (B) (7) (b) imposes a nonwaivable requirement that, in any decision containing an order to pay child support, the court must set forth the factors it

considered in reaching its determination. Some relevant factors are enumerated in Domestic Relations Law § 236 (B) (7) (a). The rationale for this requirement is to provide a basis for adequate review. However, incorporation of an "opting-out" agreement into a judgment of divorce is not a "decision" as that term is used in subdivision (7) (b). Therefore, when such an agreement contains a provision for child support, enumeration of the factors in section 236 (B) (7) (a) is not required. Such a provision will be affirmed on review if it is found to be fair and reasonable, and in the best interests of the child (*see,* Domestic Relations Law § 236 [B] [3]; § 240). The provision at issue meets this standard of review in light of the relative financial situation of the parties (plaintiff's 1981 gross salary was $28,275.19; defendant's $24,269.50), and the facts that plaintiff is the custodial parent, no maintenance provision was included in the agreement, and each of the parties was given a tax exemption for the children.

With regard to defendant's claim that the stipulation should be merged into and not survive the judgment, while it has been held that where a stipulation does not expressly provide for survival, it should be merged into the judgment (*Nicoletti v Nicoletti,* 43 AD2d 699), where ascertainable, the intention of the parties should control (*cf.* 22 NYCRR 699.9 [f] [4]). Here, the inquiry by the court at the time the stipulation was entered into establishes that the intention of the parties was to be contractually bound by the stipulation and, thus, that the stipulation would survive and not be merged in the judgment.

Regardless of whether the stipulation should have survived the judgment or have been merged therein, defendant is not entitled to downward modification of the child support provision of the judgment, because he has failed to allege a substantial change in circumstances, as required by Domestic Relations Law § 236 (B) (9) (b) (*Patell v Patell,* 91 AD2d 1028).

Nor has defendant established any basis for vacatur of the oral stipulation entered into in open court. "This court has repeatedly held that relief from a stipulation of settlement will be granted only upon a showing of good cause, such as collusion, mistake, accident or a similar ground" (*Matuozzi v Matuozzi,* 90 AD2d 844; *accord, De Jose v De Jose,* 104 AD2d 629, *supra*). While defendant alleges unconscionability, duress, unfairness, overreaching and incompetence of counsel as cause to vacate the stipulation, his unsupported assertions cannot form a basis for such vacatur (*Oberstein v Oberstein,* 93 AD2d 374; *Anderson v Anderson,* 90 AD2d 763). Furthermore, those assertions are belied by the plain language of the court's inquiry.

We do find, however, that the court erred in granting plaintiff counsel fees since she failed to comply with the requirements of

22 NYCRR 699.11 (*Patell v Patell,* 91 AD2d 1028, *supra; Matter of Michaels v Michaels,* 90 AD2d 518; *Lewin v Lewin,* 91 AD2d 649). In any event, it appears that she can afford her own counsel fees in this proceeding. Hence, we modify the order dated August 3, 1984 to deny her application for such fees. Titone, J. P., Lazer, Niehoff and Rubin, JJ., concur.