■ TERRY DRUCKER, Respondent-Appellant, v MELVIN DRUCKER, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from (1) stated portions of an order of the Supreme Court, Suffolk County (Abrams, J.), dated October 2, 1986, which, *inter alia,* upon the plaintiff wife's motion, directed him to (a) place $5,000 in escrow to cover any default in payments which he was required to make, (b) pay the plaintiff wife $100 per week as child support pendente lite, and (c) pay past due rent; (2) so much of an order of the same court dated January 7, 1987, as, upon the plaintiff's motion, authorized the plaintiff to enter a money judgment against him for (a) the $5,000 which he had failed to put in escrow, (b) $1,250 which he failed to pay to the plaintiff as a rent allowance, and (c) $1,814 in unpaid child support, and awarded the plaintiff counsel fees in the amount of $1,000; and (3) stated portions of an order of the same court dated April 13, 1987, which, *inter alia,* upon the plaintiff's motion, (a) awarded her exclusive occupancy of the marital premises, (b) directed him to deliver to the plaintiff a deed to the marital premises, (c) authorized the plaintiff to execute against his Datsun automobile pursuant to a judgment previously awarded, and (d) directed the tenant in the marital premises to make rental payments to the plaintiff, and denied his cross motion for downward modification of child support and maintenance, and the plaintiff cross-appeals from so much of the order dated October 2, 1986, as denied her application for exclusive occupancy of the marital home.

Ordered that the plaintiff's cross appeal is dismissed as academic and abandoned; and it is further,

Ordered that the order dated April 13, 1987 is modified, by deleting the provision thereof which directed the defendant to deliver the deed to the marital premises to the plaintiff and substituting therefor the following: "The defendant is to re-

frain from encumbering the marital premises during the pendency of the action"; as so modified, the order dated April 13, 1987, is affirmed insofar as appealed from; and it is further,

Ordered that the orders dated October 2, 1986, and January 7, 1987, respectively, are affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Ordinarily, appeals from orders granting pendente lite relief are not favored inasmuch as it is clearly more expedient and less consuming of both judicial time and the time of the attorneys if cases promptly proceed to trial (see, Hildenbiddle v Hildenbiddle, 110 AD2d 819, 820; Epstein v Epstein, 48 AD2d 792). Moreover, it was not error for the Supreme Court to take into consideration, in granting pendente lite relief, a stipulation which was entered into on the record by the parties in the Family Court, Suffolk County, several months prior to the commencement of the divorce action (cf., Robinson v Robinson, 111 AD2d 316, appeal dismissed 66 NY2d 613, rearg denied 67 NY2d 647; Jensen v Jensen, 110 AD2d 679; Harrington v Harrington, 103 AD2d 356).

However, the court erred when, without a hearing, it directed the defendant to transfer his interest in the marital premises to the plaintiff. In order to insure that the plaintiff's interest in the marital premises (see, Domestic Relations Law § 236 [B] [5]) is completely preserved pending final judgment, the order dated April 13, 1987, has been modified to direct the defendant to refrain from encumbering the marital premises during the pendency of the action. Niehoff, J. P., Weinstein, Kunzeman and Spatt, JJ., concur.