■ JANET M. CONTI, Appellant, v ALEX A. CONTI, Respondent. [605 NYS2d 597] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in incorporating the alleged "oral stipulation" into the judgment of divorce. The record shows that on November 7, 1991, the parties appeared in court with their respective attorneys. The transcript of that court proceeding does not show that an "opting out" agreement pursuant to Domestic Relations Law § 236 (B) (3) was made between the parties regarding either maintenance or distribution of their separate and marital

property *(see, Hanford v Hanford,* 91 AD2d 829; *Giambattista v Giambattista,* 89 AD2d 1057). Where the statutory requirements of Domestic Relations Law § 236 (B) (3) are not met and there is no valid and enforceable "opting out" agreement, the court must determine the respective rights of the parties in their separate and marital property and provide for a disposition of that property *(see,* Domestic Relations Law § 236 [B] [5] [a]). Moreover, the court must set forth the factors it considered and the reasons for its decision; that requirement may not be waived by either party or counsel *(see,* Domestic Relations Law § 236 [B] [5] [g]). Similarly, where a party requests maintenance and there is no valid "opting out" agreement pursuant to Domestic Relations Law § 236 (B) (3), the court may award maintenance. The court must, however, set forth the factors that it considered and the reasons for its decision with respect to maintenance; that requirement is likewise non-waivable *(see,* Domestic Relations Law § 236 [B] [6] [b]).

Therefore, we modify the judgment of divorce by vacating the third and fourth decretal paragraphs and the four ordering paragraphs thereof. We do not disturb the first and second decretal paragraphs of the judgment that dissolved the marriage and authorized the parties to resume the use of prior surnames. Additionally, we remit the matter to Supreme Court "for appropriate findings of fact and conclusions of law and for further proof on equitable distribution and maintenance if the court is so advised" *(Hanford v Hanford, supra,* at 830). (Appeal from Judgment of Supreme Court, Oneida County, Tenney, J.—Divorce.) Present—Green, J. P., Balio, Fallon and Davis, JJ.