*192 OPINION OF THE COURT
Joseph Harris, J.
Trial of this action for divorce commenced on October 25, 1995. Shortly thereafter the parties reached a stipulation determining what of their property was separate property and what was marital property, and equitably dividing the marital property. The gravamen of the stipulation was a proposed disposition of the marital residence, which the parties agreed had a value of $110,000, including $7,000 which was agreed to be the separate property of the wife. The marital residence was to be sold. After deducting the $7,000 constituting the separate property of the wife, the balance of $103,000 was to be divided equally between husband and wife ($51,500 each). The interest of the wife was to be bought out by the husband by payment to the wife of the sum of $51,500, consisting of a cash payment of $38,000 (to be financed by a mortgage) and credits owing to the husband.
The stipulation was placed on the record in open court and thoroughly discussed; after each of the parties was thoroughly examined under oath by the court — including understanding of the contents of the stipulation, an opportunity to ask any questions of the court and/or their respective attorneys, and their understanding that by agreeing to the stipulation they were "opting-out” of the equitable distribution statute and substituting therefor their own agreement — each party on the record agreed to the stipulation and to accept same as their agreement for distribution of their marital property.
On January 24, 1996, plaintiff wife, claiming mistake, moved to vacate the stipulation. By written decision dated April 15, 1996 the court denied plaintiffs motion and granted defendant’s cross motion to enforce the stipulation. Said the court: "Assuming, arguendo, that there was a mistake of fact on the part of the plaintiff, the enforcement of the stipulation with the [alleged] mistake of fact is not unconscionable nor is the mistake material when viewed in the light of the distribution of all material assets. Finally, the mistake would not have been made but for the lack of ordinary care on the part of the plaintiff.”* (See, McClain Realty v Rivers, 144 AD2d 216, lv dismissed 73 NY2d 995; Matter of Goldman v Goldman, 201 AD2d 860.) Plaintiff appealed the adverse decision of April 15, 1996 to the Appellate Division, which appeal is still pending.
*193 Despite the pendency of the appeal, plaintiff nevertheless, on June 27, 1996, moved for an order vacating the stipulation of October 25, 1995 on the further grounds that the parties did not execute an "opting-out” agreement in accord with section 236 (B) (3) of the Domestic Relations Law. (See, Lischynsky v Lischynsky, 95 AD2d 111.)
Lischynsky (supra) held that in making the equitable distribution required by section 236 (B) (5) (a) of the Domestic Relations Law, the Court must consider nine specific factors mandated by the statute; that to fail to do so requires reversal of that portion of the judgment pertaining to distribution of the parties’ property (see, Nielsen v Nielsen, 91 AD2d 1016), unless the stipulated agreement constitutes an "opting-out” agreement, as provided for in section 236 (B) (3) of the Domestic Relations Law. (See, Giambattista v Giambattista, 89 AD2d 1057.)
Section 236 (B) (3) provides that "[a]n agreement by the parties, made before or during the marriage, shall be valid and enforceable in a matrimonial action if such agreement is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded.” The stipulated agreement in Lischynsky (supra), as indeed the stipulated agreement here, while transcribed on the record, was neither subscribed by the parties nor acknowledged or proven in the manner required for a deed to be recorded. Thus in Lischynsky the Court held that the agreement or stipulation did not meet the requirements of section 236 (B) (3) of the Domestic Relations Law to serve as an "opting-out” agreement. (See, Domestic Relations Law § 236 [B] [5]; Hanford v Hanford, 91 AD2d 829; Giambattista v Giambattista, supra.)
That would ordinarily end the inquiry, resulting in a fraud on the court by misrepresentation of plaintiff who unequivocally and under oath represented to the court that she "opted-out” of the equitable distribution statute, would reach her own agreement with respect to the distribution of the marital property, and agreed that the stipulation, voluntarily entered into on the record, represented that agreement. In the light of subsequent events and the motions of January 24 and June 27, 1996, that representation would now appear to have been disingenuous.
The court finds the stipulation fair and reasonable, now and at the time made.
While the stipulation may not itself in the light of Lischynsky (supra) be a sufficient "opting-out” agreement to activate *194 Domestic Relations Law § 236 (B) (3), but considered as an agreement to enter into an agreement it is sufficient to activate the equitable powers of this court to direct the parties, nunc pro tunc, to execute a proper "opting-out” agreement that will satisfy the mandates of said section 236 (B) (3) and Lischynsky, and to properly file same in the office of the Albany County Clerk, together with the other papers heretofore filed in this action, nunc pro tunc, and the court so directs. Accordingly, the motion of plaintiff to vacate the stipulation upon the ground of failure to execute an "opting-out” agreement is denied.
The court in no way seeks to usurp the powers of the Appellate Division, nor to disregard its decision in Lischynsky (supra), but the proposed procedure set forth herein was never argued to said Court by the litigants and it may well be that said Court lacked a fair opportunity to evaluate the approach herein set forth. It is often the case that two pieces of paper may achieve a just result where one may not. At least the Appellate Division will have the opportunity to reevaluate the result in Lischynsky, if it so desires, in the light of the approach adopted by the trial court herein.
Plaintiff’s motion of June 27, 1996, further sets forth a potpourri of requested relief centered around a claimed failure of the defendant himself to honor the terms of the stipulation of October 25, 1995. In the light of the fact that plaintiff in her motion of January 24, 1996, seeks to vacate the stipulation, and this matter is now on appeal, common sense mandates that this prong of the current motion be held in abeyance pending decision on the appeal. Otherwise, defendant will be tied in a gordian knot, required to honor the terms of a stipulation that may ultimately be vacated.

 The decision of April 15, 1996 is in no way to be construed as an acknowledgement by the court of the existence of any actual mistake of fact.