DOROTHY OSTOLSKI, Appellant, v IZABELLA SOLOUNIAS et al., Respondents. [867 NYS2d 465]—

In an action for a divorce and ancillary relief, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Weiner, J.), entered February 27, 2007, which denied her motion, inter alia, to vacate an oral stipulation of settlement, and

(2) a judgment of the same court entered July 23, 2007, upon the stipulation.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the order must be dismissed because any right of appeal therefrom terminated with the entry of judgment in the action (see *Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order entered February 27, 2007, are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

On November 9, 2006, while represented by counsel, the plaintiff and her now-deceased husband entered into a stipulation of settlement in open court resolving, inter alia, issues of equitable distribution and maintenance. The stipulation provided that the plaintiff would receive $350,000 of the husband's assets, estimated to be worth $3,200,000, and that she waived her right to any other claim against the husband arising out of the marriage. In January 2007 the plaintiff moved, among other things, to vacate the stipulation on the grounds that she did not understand that the stipulation was intended to be a final resolution of the action and that its terms were unconscionable. The Supreme Court denied the plaintiff's motion. A judgment of divorce subsequently was entered upon the stipulation. By decision and order on motion of this Court dated August 26, 2008, Izabella Solounias and Sabina Ostolski, as preliminary executors of the estate of Marian Ostolski, were substituted in the action for the deceased husband, Marian Ostolski.

There is no merit to the plaintiff's contention that the stipulation of settlement was unconscionable. Where an oral stipulation is read into the record and found by the court to be fair and reasonable, it will not be disturbed absent a showing of one of the recognized grounds for vacatur, e.g., fraud, duress, mistake, collusion, or overreaching (see *Balkin v Balkin,* 43 AD3d 967 [2007]; *Harrington v Harrington,* 103 AD2d 356, 359 [1984]). The plaintiff failed to show the existence of any of the enumerated grounds to vacate the stipulation. Contrary to the plaintiff's contention, the stipulation was not rendered invalid because there was no subsequent written agreement (see *Wilson v Wilson,* 35 AD3d 595, 596 [2006]; *Storette v Storette,* 11 AD3d 365 [2004]; *Harrington v Harrington,* 103 AD2d 356 [1984]; *cf. Hanford v Hanford,* 91 AD2d 829 [1982]; *Giambattista v Giambattista,* 89 AD2d 1057 [1982]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Fisher, Dickerson and Belen, JJ., concur.